### THE STATE OF KANSAS V. WILLIAM WILGUS.

1. INSTRUCTION, *Erroneous, but Error Immaterial*. Where a criminal statute making certain acts misdemeanors takes effect, and within less than two years thereafter the defendant is prosecuted for a violation of such statute, and the court instructs the jury in substance that it is not necessary in order to convict the defendant that the offense be proved to have been committed on the day charged in the information, but all that is necessary is that it be proved to have been committed "within two years before the commission of the offense as charged in the information;" and the defendant is convicted and sentenced: *Held*, That such instruction is erroneous; but *further held*, from the other instructions and other matters appearing in the case, the error does not seem to have been material, and as no sufficient exception was taken to the instruction, the judgment will not be reversed because of such error.

2. EXCEPTION, *Not Sufficient*. And *further held*, in such case, that as sixteen separate and distinct instructions were given to the jury, many of which were of considerable length and contained several separate items, and as no special exception was taken to any one of such instructions, but only a general exception was taken to the whole of them, which general exception reads as follows: "And the defendant thereupon excepted to the instructions of the court as given to the jury in this case," no proper or sufficient exception was taken to the instruction complained of.

### *Appeal from Miami District Court.*

PROSECUTION for a violation of the prohibitory liquor law. February 5, 1884, *William Wilgus* was tried, found guilty, and sentenced to pay a fine of $100 and costs, and to be committed to the county jail until the fine and costs were paid. He appeals. The facts appear in the opinion.

*W. H. Browne,* and *N. M. Wells,* for appellant.
*John C. Sheridan,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: The defendant was prosecuted upon a criminal information for selling intoxicating liquors in violation of the prohibitory liquor law of 1881. This law took effect on May 1, 1881. The defendant is charged with com-

mitting the offense on August 26, 1882. The information was filed on September 30, 1882, and the defendant was tried and convicted on February 5, 1884; and, on February 23, 1884, he was sentenced and adjudged by the court to pay a fine of $100 and the costs of suit, and to stand committed to the county jail until the fine and costs were paid. The case was tried before the court and a jury, and the court gave to the jury sixteen separate and distinct instructions, some of which were very long and embodied several items. The defendant excepted to the instructions in the following form, to wit:

"And the defendant thereupon excepted to the instructions of the court as given to the jury in this case."

The defendant also moved the court for a new trial, upon the following grounds:

"1. That the court misdirected the jury in a material matter of law in the above-entitled cause in its instructions.

"2. The verdict of the jury is contrary to the law and the evidence."

The court overruled the motion for a new trial, and the defendant excepted; and he now appeals to this court.

The only grounds alleged for error in this court are, that the court below erred in giving its seventh instruction to the jury, and consequently erred in overruling the defendant's motion for a new trial. The instruction complained of reads as follows:

"7th. It is not material that the sale of liquors should be proved to be made on the day charged in the information. It is sufficient if the sale is proved to have been made within two years before the commission of the offense as charged in the information."

For the supposed error in giving this instruction, the defendant now claims that the judgment of the court below should be reversed, and that he should be awarded a new trial. That the instruction is erroneous as an abstract proposition, we think must be conceded, but whether it is materially erroneous, or whether the question has been properly saved, or is so presented to this court as to make the supposed error available to the defendant, are quite different questions. It is our opinion

that the judgment of the court below cannot be reversed for the error contained in this instruction. The error contained in this instruction is in the court's telling the jury, in substance, that they might convict the defendant, if they found that he had illegally sold the liquor "within two years before the commission of the offense charged in the information." Ordinarily, an offense of the grade charged in the present information will not be barred by any statute of limitations, if the prosecution is commenced within two years after the offense is committed; but such could not be the case in the present case, for the statute under which the defendant was prosecuted in the present case had not been in existence two years, nor even seventeen months, when the present prosecution was first commenced. But under the other instructions and the facts of this case, was not the error contained in this instruction harmless? The court instructed the jury that the act under which the defendant was prosecuted took effect May 1, 1881. The liquors were charged to have been sold on August 26, 1882; and there is nothing in the record, aside from the instruction complained of, tending to show that the offense was committed at any other time than on August 26, 1882. In all probability, the evidence showed that the offense was committed about that time. But aside from all this, the defendant did not save any proper exception to the instruction now complained of. A general exception to sixteen separate and distinct instructions, in the language that "the defendant thereupon excepted to the instructions of the court as given to the jury in this case," is not sufficient as a special exception to a part or even to the whole of the seventh instruction given by the court to the jury. The civil code provides, among other things:

"SEC. 299. An exception is an objection to a decision of the court or judge upon a matter of law."

"SEC. 301. No particular form of exception is required. The exception must be stated, with so much of the evidence as is necessary to explain it, and no more, and the whole as briefly as possible."

The criminal code provides, among other things:

"SEC. 219. On the trial of any indictment or information

for a criminal offense, exceptions to any decision of the court may be made in the same cases and manner provided by law in civil cases; and bills of exceptions shall ·be settled, signed and filed as now allowed by law in civil actions."

"SEC. 293. On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

With regard to general exceptions to an entire charge being insufficient, see *Bard v. Elston*, 31 Kas. 274, and cases there cited; *Bailey v. Dodge*, 28 id. 72; *McKinstrey v. Clark*, (Sup. Ct. of Montana, Feb. 2; 1882,) Pac. Rep. 759.

Exceptions and bills of exceptions. in criminal cases were unknown to the common law, (Bishop's Crim. Pro., § 1265; Whar. Crim. Law, 8th ed., § 772;) hence exceptions and bills of exceptions in criminal cases can be permitted only where the statutes provide for the same, and their effect and value when taken must be governed entirely by the statutes or under the statutes. Under the statutes of this state, as above quoted, the rule for allowing exceptions and bills of exceptions · in criminal cases, and their effect and value, must be the same as in civil cases; and in a civil action an exception such as was taken in the present case would not be of any value. Hence we do not think that it can be of any value in this case. It must also be remembered that the offense charged in this case is only a misdemeanor, and not a felony, where great latitude is often given to the defendant. And further still, we cannot think that the error of the court below, in the present case and under the circumstances, could in the slightest degree have been prejudicial to the rights of the defendant. If the error had been material, the attention of the court.below would undoubtedly have been specially called to the same.

It not appearing that the court below committed any material error, its judgment will be affirmed.

All the Justices concurring.