## THE STATE OF KANSAS v. CARL McCLINTOCK.

1. TESTIMONY, *to be Embodied in Bill of Exceptions.* In a criminal prosecution the only way to make the testimony or statements of jurors on their *voir dire,* or the testimony of witnesses introduced on the trial, a part of the record, whether the testimony and statements are taken by a stenographic reporter or not, is to embody such testimony or statements in a bill of exceptions allowed and signed by the judge of the trial court.

2. INSTRUCTIONS, *Part of Record, When.* And in such prosecution, instructions asked for by the defendant and refused by the trial court cannot become a part of the record, unless they are embodied in a bill of exceptions.

### *Appeal from Sedgwick District Court.*

PROSECUTION for murder in the first degree. November 25, 1886, the jury found the defendant, *Carl McClintock,* guilty of murder in the second degree. December 2, 1886, the court overruled his motion for a new trial, and sentenced him to imprisonment in the penitentiary for fifteen years. He appeals. The opinion contains a sufficient statement of the case.

*Sankey & Campbell,* and *R. A. Museller,* for appellant.

*S. B. Bradford,* attorney general, and *E. A. Austin,* for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a prosecution upon an information for murder in the first degree. The defendant, Carl McClintock, was charged with the murder of his wife, Julia A. McClintock. The only defense interposed by him was that he was insane. He was found guilty of murder in the second degree, and was sentenced to imprisonment in the penitentiary for the term of fifteen years. He appeals to this court.

Many errors are assigned, but the prosecution urges as a preliminary question, that none of the supposed errors are presented by the record brought to this court. The real question is, whether the proceedings had in the court below concerning the examination of jurors upon their *voir dire*, the evidence introduced on the trial, the rulings of the court below admitting and excluding evidence, the instructions of the court given to the jury, and the instructions asked for by the defendant and refused by the court, are legally embodied in the record as brought to this court. The prosecution claims that they are not; while the defendant claims that they are. The only bill of exceptions found in the record as brought to this court, reads as follows:

"Be it remembered, that on the trial of this cause a verdict was rendered November 25, 1886, finding the defendant guilty of murder in the second degree; and that on the 27th day of November, 1886, the defendant filed a motion for a new trial, in words and figures as follows; said motion being hereto attached, marked 'Exhibit A,' and made a part of this bill of exceptions. And on the 29th day of November, 1886, certain affidavits were filed in support of said motion for a new trial, which said affidavits are hereto attached, marked 'Exhibit B,' and made a part hereof. And on the first day of December, 1886, said motion for a new trial came on for hearing, and on the second day of December, 1886, after hearing argument on said motion, and being fully advised in the premises, the court overruled said motion for a new trial, to which ruling of the court the defendant at the time duly excepted. And thereupon the court sentenced said defendant to hard labor in the penitentiary for a term of fifteen years, to which sentence the defendant at the time duly excepted."

The exhibits above referred to are as stated, except that "Exhibit A" contains only an amendment to the motion for a new trial. Attached to the record brought to this court is what purports to be the testimony of jurors on their *voir dire*, and the testimony of witnesses introduced on the trial; but there is nothing in the record or elsewhere making this testimony a part of the record, or authenticating it in any manner, except a certain certificate, which reads as follows:

"STATE OF KANSAS, SEDGWICK COUNTY, ss.—*In the District Court in and for the County and State aforesaid.*—The State of Kansas *v.* Carl McClintock.—I, Florence Hartley, do hereby certify that I am the legally appointed and authorized official stenographer and reporter of the district court of Sedgwick county, Kansas; and that the hereto attached testimony is a true and correct transcript of all the testimony of all the witnesses who testified on the trial of the above-entitled cause; and also of all the testimony of the jurors, Scott, Frank Blackburn, and M. D. Wemple, given on their *voir dire*.
January 28th, 1887. FLORENCE HARTLEY,
*Official Stenographer.*"

The paper to which this certificate is attached was filed in the office of the clerk of the district court on February 3, 1887.

Assuming that Florence Hartley, at the time of the trial of this case, and also on January 28, 1887, when she certified to the foregoing testimony, was the official stenographer of the district court of Sedgwick county — but there is nothing in the record tending to show that she was — then is the aforesaid testimony a part of the record of this case? We think not. There is nothing in the statutes making the stenographic notes of the official stenographer in any case, or any copy thereof, whether written out in full or not, a part of the record of such case; and the only way to make the testimony or statements of jurors on their *voir dire*, or the testimony of witnesses introduced on the trial, a part of the record, whether the testimony and statements are taken by a stenographic reporter, or not, is to embody such testimony or statements in a bill of exceptions allowed and signed by the judge of the trial court. The acts relating to official stenog-

1. Testimony to be embodied in bill of exceptions.

raphers will be found in Compiled Laws of 1879, chapter 28, article 2; and Compiled Laws of 1885, chapter 28, article 2. As to how exceptions may be taken and bills of exceptions made, see § 219 of the criminal code, and §§ 299 to 305 of the civil code. See also *The State v. Wilgus*, 32 Kas. 128, 129. At the time the aforesaid stenographer's certificate was made, her notes of evidence had never been filed in the district court; but if they had, it would make no difference, for they could become a part of the record only by being embodied in a bill of exceptions allowed and signed by the judge of the trial court in accordance with the statutes.

Section 236 of the criminal code reads as follows :

"SEC. 236. The judge must charge the jury, in writing, and the charge shall be filed among the papers of the cause. In charging the jury, he must state to them all matters of law which are necessary for their information in giving their verdict. If he presents the facts of the case, he must inform the jury that they are exclusive judges of all questions of fact."

Whether the charge under this statute becomes a part of the record without being embodied in a bill of exceptions has been questioned, but not decided. (*The State v. Lewis*, 10 Kas. 157, 160.) And it is not necessary to decide the question now. But it is clear that instructions asked for by the defendant and refused by the trial court cannot become a part of the record unless they are embodied in a bill of exceptions. Taking the record as it has been brought to this court, and neither the testimony or statements of the jurors on their *voir dire*, nor the testimony of witnesses on the trial, nor the instructions asked for by the defendant and refused by the trial court, can be considered as any part of the record; and therefore it would be useless to discuss any of the questions that might be supposed to arise upon such testimony or refusal; and, taking the record as it is, we do not think that it can be said that the trial court committed any material error.

*2. Instructions, part of record, when.*

The judgment of the court below will therefore be affirmed.

All the Justices concurring.