THE STATE OF KANSAS v. W. E. CARR.

1. APPEAL — *Defective Record* — *Practice.* On a criminal appeal to this court, there being no bill of exceptions, saving the evidence offered on a motion for a change of venue and for a continuance, and there being no journal entries showing when, or on whose application, and under what circumstances, a great number of additional names were indorsed upon the information shortly before trial; and the record presented here being made up in the manner prescribed for bringing civil cases to this court on error, this court will not consider any of the numerous questions discussed with reference to the matters above set forth, and will only determine from the face of the record the question as to the sufficiency of the information.

2. RECORD *for Supreme Court.* On a criminal appeal, all matters not required by statute to be of record, to be available in this court must be embodied in a bill of exceptions, signed, sealed, and ordered to be made a part of the record.

*Appeal from Rice District Court.*

ON April 28, 1886, the county attorney of Rice county filed an information against the defendant, *W. E. Carr*, charging him with the crime of criminally libeling one John W. White. The information contains two counts. The second is as follows:

"I, the undersigned county attorney, in the name, by the authority and on behalf of the state of Kansas, give information that on, to wit, the 3d day of December, 1885, in the said county of Rice and state of Kansas, the said W. E. Carr, whose given name is unknown, did then and there unlawfully, falsely and maliciously make, compose and publish, and cause and procure to be composed and published, and did knowingly and willfully aid and assist in making, publishing and circulating, in a certain newspaper called the *Ellinwood Express,* published and circulated in said county of Rice, in the state of Kansas, by the said W. E. Carr, the said W. E. Carr being the proprietor and editor of said newspaper, on, to wit, the 3d day of December, 1885, and the said W. E. Carr did on said day publish and circulate in the said county of Rice a certain false, malicious, defamatory libel of and concerning John W. White, with the malicious intent to provoke him, the said John W. White, to wrath, and expose him to public hatred, con-

tempt and ridicule, and to deprive him of the benefits of public confidence and social intercourse, which malicious and defamatory libel, so published as aforesaid, by him, the said W. E. Carr, contained the false, malicious, mischievous and defamatory, and libelous words and matters, according to the tenor following, that is to say: 'When the antiquated, bow-legged fossil, who edits the only religious paper in the valley says that the *Express* [meaning the *Ellinwood Express*] desires to libel John White [meaning the said John W. White], (as if such a thing is possible!) he utters that which he, as well as everybody else, knows to be a lie. We said that John White, [meaning the said John W. White] was tricky politically, and that if he were guilty of the charges stated by men who live near and know him well, it is due his constituency that he resign, as the people did not want to be represented by a man upon whom the faintest suspicion rests. We say so still, [meaning that the said John W. White is guilty of said robbery, as stated in the first count of this information.] When Mr. White [meaning the said John W. White] shall have cleared up this early-day transaction [meaning that the said John W. White is guilty of said robbery] of business satisfactorily, it will then be in order for him to state why he attempted, once upon a time, to down a Hutchinson man for $400, and got most gloriously left, [meaning that the said John W. White had, once upon a time, attempted to steal or embezzle $400 from some Hutchinson man.] Our advice to the editor of the penny-a-line journal is, to find out something about his protégé before charging the *Express* [meaning the *Ellinwood Express*] with maliging him, [meaning the said John W. White.] A man who will do one dishonest thing is liable to do another when an opportunity presents itself, [meaning that the said John W. White was guilty of said robbery.] When Mr. White [meaning the said John W. White] produces the evidence of his innocence, [meaning that the said John W. White is guilty of said robbery,] the *Express* [meaning said *Ellinwood Express*] will see to it that its readers are made aware of the fact, and it won't be necessary for White [meaning the said John W. White] to say, 'Any expense incurred in relation to this matter, send me a bill of, and I will settle.' ' Said libel as aforesaid being to the great injury and defamation of the said John W. White: contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Kansas."

Trial at the May Term, 1886, when the defendant was acquitted on the first count of the information, found guilty on

the second count thereof, and sentenced to pay a fine of $50, and the costs of the prosecution, taxed at $1,537.50. The defendant appeals.

*G. W. Ninnocks, J. W. Ady,* and *D. A. Banta,* for appellant.

*S. B. Bradford,* attorney general, and *J. R. Brinckerhoff,* county attorney, for The State.

Opinion by SIMPSON, C.: In the condition in which we find the record in this case, it is impossible that we should consider but one of the very many questions raised by counsel for the defendant, and urged as good reasons for the reversal. There is no bill of exceptions. The rule that on a criminal appeal all matters that by law are not required to be recorded must be embodied in a bill of exceptions, allowed, signed, and ordered by the court to be a part of the record, has been totally ignored. So far as the statutory requirements of record have been complied with, we shall consider all questions arising on that part of the case. But affidavits used on an application for a change of venue, or a continuance, and all other motions or applications, as well as the evidence in the cause, must in cases of this character be embodied in the record by a bill of exceptions. There are some other omissions which preclude us from a consideration of other questions urged. There are no journal entries showing when, and under what circumstances, the names of additional witnesses were indorsed upon the information. The record does not contain the motion for a re-taxation of costs, or the ruling of the court thereon. If there was any showing made on the challenge to the array, it is not declared by this record. The theory of counsel who prepared the appeal record seems to have been that the methods and proceedings necessary to bring civil cases on error to this court, should be followed in the appeal of a criminal case. A notice was served on the county attorney to appear before the judge of the district court at chambers, to settle the case. The judge certified that the case was settled and allowed by him at chambers as being a true and correct transcript in said cause.

The clerk then certified to the transcript as being correct, but that the motion to re-tax costs had not yet been decided by the court. This certificate of the clerk is dated June 18th, and the record was filed in this court on the 21st day of June, 1886.

The information is by law required to be recorded. It consists of two counts — the first charging a criminal libel of and concerning the participation of the complaining witness in the robbery of the safe in the office of the county treasurer of Rice county; the second contains a charge that we shall hereafter specifically notice. At the trial the defendant was found not guilty on the first count, and guilty on the second count. The sufficiency of the information was challenged by a motion to quash; by an objection to the introduction of any testimony; by a motion to discharge the defendant after the state rested in chief; and by a motion in arrest of judgment. The defendant having been acquitted on the first count, the only question remaining here is as to the sufficiency of the second count. The specific defect most strongly alleged and insisted upon now is, "that it does not contain a malicious defamation of the character of the prosecuting witness." This count charges substantially, that the defendant unlawfully, falsely, and maliciously did make, publish, and circulate in the *Ellinwood Express*, a newspaper circulated in Rice county, he being the editor and proprietor thereof, a certain false, malicious and defamatory libel, of and concerning the prosecuting witness, of the following tenor:

"We said that John White [meaning the prosecuting witness] was tricky politically, and that if he was guilty of charges stated by men who live near and know him well, it is due his constituency that he resign, as the people did not want to be represented by a man upon whom the faintest suspicion rests. We say so still, [meaning that the said John W. White is guilty of said robbery, as stated in the first count of this information.] When Mr. White [meaning the said John W. White] shall have cleared up this early-day transaction, it will then be in order for him to state why he attempted, once upon a time, to down a Hutchinson man for $400, and got most gloriously left, [meaning that said John

W. White had, once upon a time, attempted to steal or embezzle $400 from some Hutchinson man.]"

These, with the necessary allegations as to time, place, and averments to explain the defendant's meaning by matter previously introduced, caption and conclusion, constitute the second count in the information. The material allegations for an information charging such a crime, according to our statutory definition, are, "that at the time and place stated the defendant did unlawfully and maliciously write and publish of and concerning the person complaining, a false, scandalous and malicious libel, a copy of which must be set out in the information." If the intent does not sufficiently appear, proper innuendoes must be introduced to show the meaning contended for. Where the meaning of the words is latent, or does not fully appear on the face of the publication, such meaning must be alleged; as in this case, the expression, "down a Hutchinson man for $400," is alleged to mean, "rob or embezzle from a man from the city of Hutchinson." We think the second count in the information charges a public offense.

On the argument, counsel for defendant confuse the matter contained in the second count with that in the first count. The distinct offense charged in the second count is the robbery or embezzlement of $400 from a Hutchinson man; the first charged a libel concerning the county treasury robbery. We are not called upon to determine in this case to what extent a newspaper can comment on the acts of a state senator from the district within which the paper is published. The acts alleged to have been committed by the complaining witness in this case are not his official acts as senator, but are alleged to have been committed before his election, in one, certainly, if not in both instances.

This is the only question we feel authorized to determine on this record, and the view we take of it compels us to recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.