## THE STATE OF KANSAS v. MORGAN K. SIPE.

GUARDIAN, *Carnally Knowing Ward; Information, Construed.* In a criminal prosecution under § 233 of the crimes act, the information stated, among other things, "the said —— did willfully, unlawfully and feloniously defile one —— by carnally knowing her, she the said —— being then and there a female under the age of eighteen years, confided to the care and protection of said ——:" *Held,* That the words "then" and "there" grammatically refer to the female as being under the age of eighteen years at her defilement; and also that at the time of her defilement she was under the care and protection of the defendant.

### *Appeal from Neosho District Court.*

ON March 31, 1887, the county attorney of Neosho county filed the following information (omitting caption and verification) against *Morgan K. Sipe,* in the office of the clerk of the district court of that county:

"And now comes J. L. Denison, county attorney of Neosho county, in the state of Kansas, who prosecutes for and on behalf of the state of Kansas, in the district court in and for said county and state, and gives the court to understand and be informed:

"*First Count:* That heretofore, to wit, on or about the 1st day of July, 1886, the said Morgan K. Sipe, at the county of Neosho and state of Kansas, and within the jurisdiction of this court, did willfully, unlawfully and feloniously defile one Austa Kinne, by carnally knowing her, she the said Austa Kinne being then and there a female under the age of eighteen years, confided to the care and protection of said Morgan K. Sipe by A. D. Kinne and Harriet A. Kinne, the father and mother of said Austa Kinne.

"*Second Count:* That the said Morgan K. Sipe, late of the said county of Neosho and state of Kansas, at the county of Neosho and state of Kansas, and within the jurisdiction of this court, on or about the 1st day of July, 1886, he the said Morgan K. Sipe being then and there a male person over the age of twenty-one years, did obtain illicit connection under promise of marriage with one Austa Kinne, she the said Austa Kinne being then and there a female of good repute, under eighteen years of age; contrary to the form of the statute in

such cases made and provided, and against the peace and dignity of the state of Kansas."

The defendant filed his motion to quash, stating among other grounds, a misjoinder of causes of action; that the information joins two distinct felonies, which cannot properly be united; and for defects in the information affecting the substantial rights of the defendant. This motion was overruled, but the court required the state to elect upon which count in the information it would proceed; and thereupon the state elected to try the defendant upon the first count. Subsequently the defendant renewed his motion to quash the first count of the information, upon the ground that it did not state facts sufficient to constitute a public offense. This motion was also overruled. Trial had at the April Term, 1887.

On April 9, 1887, the jury returned a verdict of guilty against the defendant as charged in the first count of the information. The defendant duly filed his motion for a new trial, which was overruled on April 29, 1887; and thereupon the defendant was sentenced to hard labor in the penitentiary of the state for the period of twenty-one years, and also adjudged to pay all the costs of the prosecution. The defendant appeals.

*T. F. Rager*, and *John W. Sharrock*, for appellant.

*J. L. Denison*, county attorney, for The State; *Cox & Stratton*, of counsel.

The opinion of the court was delivered by

HORTON, C. J.: This was a criminal prosecution against the defendant for defiling Austa Kinne, a female under the age of eighteen years, by carnally knowing her, while she was confided to his care and protection by her parents. The record consists of 211 pages, and many errors are assigned. Unfortunately for the defendant, however, the evidence, instructions and affidavits are not embodied in a bill of exceptions. (*The State v. McClintock*, 37 Kas. 40; same case, 14 Pac. Rep. 511; *The State v. Carr*, 37 Kas. 421; same case, 15 Pac.

Rep. 603.) Notwithstanding the absence of any bill of exceptions, it is claimed that the charge of the court is a part of the record. Section 236 of criminal procedure, reads: "The judge must charge the jury in writing, and the charge shall be filed among the papers of the cause." We have had occasion recently to examine this question very thoroughly, and have decided that the charge of the court in a criminal case does not become a part of the record by being merely filed among the papers of the case. (*The State v. Smith*, ante, p. 194; *The State v. Lewis*, 10 Kas. 157.)

In view of the condition of the record, the only question for our determination is, the sufficiency of the first count of the information upon which the defendant was tried. A motion was made to quash both counts of the information, but the court required the state to elect upon which count it would try the defendant, and as the state elected to try him on the first count only, and as he was tried and convicted upon that count, no other part of the information is material. The section of the crimes act under which the information was filed, reads:

"If any guardian of any female under the age of eighteen years, or any other person to whose care or protection any such female shall have been confided, shall defile her by carnally knowing her, he shall, in cases not in this act otherwise provided for, be punished by confinement and hard labor not less than two years nor more than twenty-one years, or by imprisonment in a county jail not less than six months, and a fine not exceeding one thousand dollars." (Section 233.)

The contention is that the words "then" and "there" as used in the information mean simply that Austa Kinne was at the time and place of defilement under the age of eighteen years, and have no reference to the time of the act of confiding.

Again, it is claimed that if these words refer to the time that Austa Kinne was confided to the care and protection of the defendant, then that statute was not violated, because the defilement and the placing of Austa in the care and protection of the defendant were done at precisely the same time and

place; therefore that it did not appear that Austa had been confided to the care and protection of the defendant prior to her defilement. All of these objections are the merest technicalities. It is a strained construction to say that the act of defilement took place at the precise time she was placed in the care and protection of the defendant. So long as it is alleged that Austa was confided to the care and protection of the defendant at the time of defilement, it is immaterial whether the time was very long, or very short between the act of placing her under the protection of the defendant and her defilement. We think the words "then" and "there" must grammatically be held to refer to Austa as being under the age of eighteen years at her defilement; and also that at the time of her defilement she was under the care and protection of the defendant.

Upon the record as it has been brought to this court, the judgment of the district court must be affirmed.

All the Justices concurring.