THE STATE OF KANSAS v. WILLIAM FURNEY *et al.*

CRIMINAL ACTION—*Appeal*— *Civil Code, not Applicable.* The provisions of the civil code, providing for bringing civil cases to the supreme court for review upon a "case-made," do not apply to appeals to the supreme court from judgments in criminal actions. To enable the supreme court to review a decision of the trial court upon an appeal in a criminal action, a transcript, properly certified, must be filed in the court within the time prescribed by statute.

*Appeal from Morris District Court.*

PROSECUTION for murder. The opinion states the case.

*Maloy & Kelly*, and *A. H. Case*, for appellants.

*J. M. Miller*, county attorney, *S. B. Bradford*, attorney general, and *J. T. Bradley*, for The State.

The opinion of the court was delivered by

HORTON, C. J.: An information was filed against the defendants, charging them with stabbing and killing Calvin

2 — 40 KAS.

Cooper on the 24th day of February, 1886, in Morris county. Trial was had in the district court of that county, at the November term, 1887, and the defendants were each convicted of murder in the second degree, and each sentenced to imprisonment for ten years in the penitentiary of the state at hard labor. From the judgment and sentence the defendants attempt to appeal. The record filed here has been made up somewhat after the manner prescribed for making a case under the provisions of the civil code; (Code, §§ 547, 548.) It does not, however, seem to have been signed or settled in accordance with those provisions. Further, there is no certificate of the clerk of the district court of Morris county to the transcript; therefore we cannot say that any transcript of the proceedings of the trial court has been filed in this court. No appeal can be taken in a criminal cause unless a transcript, properly certified, is filed within thirty days after service of a notice of appeal is made upon the clerk of the court where the judgment is entered, stating that the appellant appeals from the judgment. (Crim. Code, §§ 284, 285.)

Under the frequent rulings of this court, the decision of the trial court cannot be reviewed or reversed upon the record as presented. (*The State v. Carr*, 37 Kas. 421; *The State v. McFarland*, 38 id. 664; *The State v. Prater*, just decided.)

The judgment of the district court must therefore be affirmed.

All the Justices concurring.