THE STATE OF KANSAS V. ROBERT TILNEY.

CRIMINAL CASE — *Defective Record.* The only way the evidence in a criminal prosecution can be made a part of the record is by a bill of exceptions. If brought to this court in any other way it will not be considered.

*Appeal from Marshall District Court.*

THE opinion states the case.

*Case & Moss,* for appellant.

*L. B. Kellogg,* attorney general, for The State.

Opinion by STRANG, C.: This is an appeal from the district court of Marshall county, and though the evidence seems to accompany the record, an examination thereof shows no bill of exceptions. The evidence comes here with no other identification than the certificate and affidavit of the stenographer of said court. Paragraph 5287, General Statutes of 1889, provides that bills of exceptions in criminal cases shall be settled, signed and filed as allowed in civil actions. Paragraph 4398, General Statutes of 1889, provides that bills of exceptions shall be allowed and signed by the judge and filed with the pleadings, and then the matters therein contained become a part of the record of the case. The signing of a bill of exceptions is a judicial act, which cannot be supplied by any agreement of the parties, or certificate of the clerk. (30 Kas. 526, and authorities there cited.) To make the evidence in the case a part of the record, it must be included in a bill of exceptions allowed and signed by the court, and ordered to be made a part of the record. (*The State v. Carr,* 37 Kas. 421.)

In *The State v. McClintock,* 37 Kas. 40, the court held that "In a criminal prosecution the only way to make the testimony of the witnesses introduced on the trial a part of the record, whether the testimony is taken by a stenographic reporter or not, is to embody such testimony in a bill of excep-

tions allowed and signed by the trial court." In that case the evidence was not preserved by a bill of exceptions, but was made a part of the record of the case as presented in this court upon the certificate of the official stenographer of the court in which the case was tried. In this case, in addition to the certificate of the stenographer attached to the copy of the evidence, there is an affidavit of the stenographer that the copy of the evidence is a true copy.

Counsel for the appellant ask this court, upon the strength of this affidavit, to consider the evidence a part of the record. We do not think the affidavit helps the matter any, and we decline to disturb the practice as settled in this court. Counsel also raise a question upon the information. They say the information fails to show the names of the witnesses indorsed thereon; that a statute of our state requires the names of witnesses to be indorsed on the information; that being the case, and none being indorsed on the information in this case, the presumption is that appellant was convicted without any evidence. But the judgment in the case, which is properly a part of the record here, recites that testimony on behalf of both the plaintiff and the defendant in the case was introduced and heard by the jury.

The condition of the record in this case is such that we can do nothing but affirm the judgment of the trial court.

By the Court: It is so ordered.

All the Justices concurring.