THE STATE OF KANSAS v. I. A. KNESS.
No. 10416.

CRIMINAL CASE—*Appeal*—*Evidence not in Record.* The testimony taken in a criminal prosecution does not become a part of the record unless it is embodied in a bill of exceptions; and where the record does not contain the testimony, or a statement of what it tended to or did establish, no review can be had of the rulings of the court in charging the jury, nor can the sufficiency of the evidence be examined.

*Appeal from Phillips District Court.*

I. A. KNESS was convicted of horse-stealing, and appeals. The facts are stated in the opinion, filed February 8, 1896.

*Mann & Redmond*, and *H. K. Sharpe*, for appellant.

*F. B. Dawes*, attorney general, and *W. H. Pratt*, county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: I. A. Kness appeals from a conviction for the larceny of a horse, and insists that the evidence in the case did not warrant the instructions of the trial court, nor sustain the verdict of the jury. He asserts that the testimony shows that the animal stolen was a gelding, and that proof of the larceny of a gelding does not support the charge of the larceny of a horse. He insists that the court failed and refused to make this distinction in charging the jury.

The testimony is not preserved in a bill of exceptions, and without it we cannot determine the questions raised by the appellant as to the charge of the court, nor as to the sufficiency of the evidence. What purports to be a stenographer's transcript of the evidence in the case is attached to the record, but it is

not referred to nor included in the bill of exceptions. It therefore forms no part of the record, and cannot be considered upon this appeal. (*The State v. McClintock*, 37 Kan. 40; *The State v. Allison*, 44 id. 423; *The State v. Tilney*, 44 id. 581.)

The judgment of the district court will be affirmed.

All the Justices concurring.