W. W. HAYS v. JOHN V. FARWELL *et al.*

No. 130.

1. INSTRUCTIONS — *Insufficient Exception.* Where a party asks the court to give several separate instructions to the jury and the court refuses to give any of them, and a general exception is taken to such refusal, *held,* that the exception is not sufficient.

2. ——— *Insufficient Record for Review.* Where error is based upon the refusal of the trial court to give certain instructions requested, the record must present all the instructions given by the court in order properly to present such question, and a statement by the trial court that the instructions given did not cure the error, if any there was, in refusing the instructions asked, will not suffice.

3. INSOLVENT DEBTOR — *Fraud — Incompetent Testimony.* Where a creditor levies upon goods which have been taken possession of by a mortgagee of his debtor and such creditor claims that such mortgagee was estopped from claiming under the mortgage as against said creditor by reason of certain false representations claimed to have been made in writing by the mortgagee with regard to the financial condition of said debtor, it is not error for the court to refuse to permit testimony to be given to the jury of certain statements made by said debtor to the creditor, in the absence of any evidence tending to show fraud upon the part of the mortgagee.

MEMORANDUM.—Error from Sedgwick district court; C. REED, judge. Action by John V. Farwell and others against W. W. Hays for an alleged conversion of goods. Judgment for plaintiffs. Defendant brings the case to this court. Affirmed. The opinion herein, filed July 15, 1896, states the material facts.

*Campbell & Dyer,* for plaintiff in error.

*Edwin White Moore, Wall & Brooks,* and *A. R. Vermilion,* for defendants in error.

The opinion of the court was delivered by

COLE, J. : In February, 1888, W. J. Wilson & Co. executed certain notes and chattel mortgages upon a

stock of merchandise situated in the city of Wichita, Kan., to John V. Farwell & Co. and L. D. Skinner, cashier of the State National Bank of Wichita. It was agreed that the chattel mortgages should be concurrent liens and the proceeds of the sale should be divided *pro rata* between the mortgagees in proportion to their respective debts. The mortgagees took possession of the stock, and while the same was in their possession, and before the amounts of their debts had been satisfied, the plaintiff in error, Hays, as sheriff of Sedgwick county, took from their possession a portion of the goods under an order of attachment issued at the instance of Blumenthal Bros. against W. J. Wilson & Co. This case was brought by the mortgagees against the sheriff for the conversion of said goods, and, a judgment having been rendered in favor of the mortgagees in the district court, the sheriff brings the case here for review.

No controversy seems to have existed, or at least none is here urged, so far as the claim of L. D. Skinner, cashier, is concerned, but two assignments of error are made in connection with the trial of the case as to the claim of Farwell & Co., the first being that the court erred in refusing to give certain instructions requested by the plaintiff in error at the time of the trial. An objection is raised to the consideration of this question for the reason that it is alleged no proper exception to the refusal of the court to give said instructions was saved, and for the reason that the record does not present to this court the instructions which were given by the court. These objections are well taken. The record in this case discloses that three separate instructions were asked by the plaintiff in error and refused by the court, and that a general exception only was taken to the ruling of the court. In the case of

*Bailey v. Dodge*, 28 Kan. 72, it is held that where a party asks the court to give several separate written instructions to the jury, and the court refuses to give any of them, and a general exception is taken to such refusal, the exception is not sufficient, and this ruling has been followed and affirmed in *The State v. Wilgus*, 32 Kan. 128.

Again, the record shows upon its face that it does not contain all the instructions which were given by the trial court. But it is contended by plaintiff in error that the failure to present all the instructions to this court is remedied by the statement of the trial judge, contained in the record, to the effect that, while the record does not contain all the instructions, no instruction was given which cured the error, if any there was, in refusing the instructions asked. This is a conclusion of law upon the part of the trial court, and one which, in our opinion, was not within its province. All the instructions given should be presented, and it is then for the reviewing court to determine whether the instructions which were given cured the error, if any, in the refusal of the trial court to give such instructions, or any of them, as were requested.

The next assignment of error is the ruling of the trial court excluding certain evidence offered by the plaintiff in error to prove certain statements made by W. J. Wilson. The facts in this case, so far as they relate to this controversy, are as follows: Certain indebtedness existed upon the part of the firm of Wilson & Fox to various parties, amongst whom were John V. Farwell & Co., E. H. Jaffray & Co., and J. H. Walker & Co.; on account of dissensions between Wilson & Fox a dissolution was desired by both parties, but this could not be successfully carried out unless a re-

lease of Fox could be procured from the indebtedness due from the firm of Wilson & Fox; to obtain this release Wilson went to Chicago, and, after seeing the firm of John V. Farwell & Co., secured a release from them and J. H. Walker & Co., and then went to New York and presented a letter signed by Farwell & Co. and Walker & Co. to Jaffray & Co., procuring from them also a release of Fox. It is claimed in this case that at that time Wilson also showed this letter to Blumenthal Bros., and, on the strength of the statements therein contained, obtained credit for a large amount of goods. It is also claimed that the statements contained in the letter were false, and were known to be so by Farwell & Co.; that they were made for the purpose of deceiving, and as a part of a fraudulent scheme whereby Wilson was to purchase a large amount of goods and secure Farwell & Co. by a mortgage upon the same.

We are of the opinion that the court properly withdrew the evidence in question from the jury. From an examination of the record we are convinced that no fraudulent purpose was shown upon the part of Farwell & Co., but, upon the other hand, that all the evidence tends to the contrary, and if such was the fact, it was immaterial what statements Wilson may have made. Wilson denies in his evidence in this case that he ever showed the letter in question to any one connected with Blumenthal Bros. The letter shows upon its face that it was written for the purpose of procuring the release of Fox from the indebtedness referred to. The mortgage in question was not taken for some six months after the writing of this letter, and during that period the indebtedness due from Wilson to Blumenthal Bros. was materially decreased, while that due to Farwell & Co. was very

materially increased. All the parties connected with the letter testify that it was written for the sole purpose of procuring the release of Fox. Before the statements contained in the letter could be of any avail to Blumenthal Bros., it would have to appear not only that the statements were false, but that they were made by Farwell & Co. with the intention of procuring a mortgage upon goods which might be purchased by reason of the letter. In other words, the fraud must inhere in the mortgage itself.

Perceiving no error, the judgment of the district court is affirmed.

All the Judges concurring.