557 P.2d 840 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Debbie Sue BEEBE, Defendant-Appellant.
No. 75-567.
Colorado Court of Appeals, Div. III.
July 1, 1976.
Rehearing Denied July 29, 1976.
*841 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Thomas J. Tomazin, Asst. Attys. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, Lee J. Belstock, Deputy State Public Defender, Denver, for defendant-appellant.
Selected for Official Publication.
KELLY, Judge.
The defendant, Debbie Sue Beebe, was charged in separate counts with first degree assault and aggravated robbery. Based on the insufficiency of the evidence to establish "serious bodily injury," the trial court reduced the charge of first degree assault to second degree assault. The jury found the defendant guilty of both aggravated robbery and second degree assault. Prior to sentencing, the trial court vacated the second degree assault verdict, and thereafter sentenced the defendant, on the aggravated robbery conviction, to the Women's Correctional Institution for an indeterminate term not to exceed eight years. We affirm.
The defendant argues that the failure of the trial court to instruct the jury that self-defense is an affirmative defense to the crime of aggravated robbery was plain error. The attorney general points out that the defendant's failure to object to the instructions given, to tender proposed instructions, and to specify this alleged error in the motion for new trial ordinarily precludes review. See People v. Jones, Colo., 551 P.2d 706 (No. 26568, decided June 7, 1976); People v. Horrocks, Colo., 549 P.2d 400 (1976); Crim.P. 30 and 33. However, the contention that a defendant has been deprived of an affirmative defense, if meritorious, is plain error. See People v. Meller, 185 Colo. 389, 524 P.2d 1366 (1974); Crim.P. 52(b). We therefore consider the merits of defendant's contention.
The thrust of defendant's argument is that one of the elements of aggravated robbery is the use of unlawful force. Thus, evidence tending to establish that the use of force was necessitated by self-defense, and was, therefore, not unlawful, constitutes a complete affirmative defense to the crime. The defendant cites no authority to support this proposition, and we have found none.
What defendant's argument overlooks is that both the putting in fear and the taking of property constitute the gist of the offense of robbery. People v. Thomas, 181 Colo. 317, 509 P.2d 592 (1973); People v. Small, 177 Colo. 118, 493 P.2d 15 (1972); Campbell v. People, 124 Colo. 8, 232 P.2d 738 (1951). These elements of the offense are inseparable. Self-defense cannot justify the taking of a thing of value from the person or presence of another, and the lawfulness of the force used to accomplish the taking is immaterial. Therefore, self-defense is not an affirmative defense to the crime of aggravated robbery.
Judgment affirmed.
BERMAN and STERNBERG, JJ., concur.