THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES BRADSHAW, Defendant-Appellant.

Fourth District    No. 16949

Opinion filed September 11, 1981.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Garry W. Bryan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

After a trial by jury in the circuit court of Champaign County, defendant was convicted of battery and sentenced to 270 days' imprisonment. He was acquitted of aggravated assault in the same proceedings. On appeal he contends the court erred in refusing his tendered instruction on self-defense and in denying his motion *in limine* with reference to his 1977 conviction of assault with a deadly weapon. We affirm.

The charge arose from an incident at Innsbruck Lodge in Champaign County on the evening of September 13, 1980. The undisputed evidence was that at about 5 p.m. on that date defendant's wife was discharged from her employment at that establishment, and later she and defendant returned to get her paycheck. In some manner defendant got to the second floor of the building where a private party was in progress. The owner of the establishment told defendant to leave, and a struggle ensued before defendant was eventually removed from the building by several people.

The thrust of the State's case came from the owner of the Innsbruck Lodge who testified: (1) defendant hit him when he asked defendant to leave; (2) the two struggled, and he eventually got on top of defendant; (3) when defendant agreed to leave, he let defendant up; and (4) as they were walking downstairs, defendant jumped on his back, whereupon others escorted defendant from the building. Another witness testified to hearing the owner offer to let defendant up but stated she was not present throughout the episode and did not see defendant hit the owner. Defendant did not testify. His theory that he was entitled to an instruction on self-defense was based on the evidence given by a witness who testified to seeing the owner place a hand on defendant's shoulder in a reasonably calm manner and ask defendant to go downstairs, whereupon defendant pulled his arm away and the two started arguing. She stated that she then left and when she returned, the owner was pulling defendant toward the stairs.

■■ The self-defense instruction tendered by defendant and refused by the court was Illinois Pattern Jury Instruction, Criminal, No. 24.06 (1968), which states:

"A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend [himself] [another] against the imminent use of unlawful force."

Although only slight evidence of most affirmative defenses is sufficient to entitle an accused to an instruction on the defense (*People v. Kalpak* (1957), 10 Ill. 2d 411, 140 N.E.2d 726), we do not find such evidence to be present here. The placing of an arm around a person in a reasonably calm manner while telling that person to leave is not such conduct as to cause

that person to reasonably believe the use of force is necessary to defend himself. It is notable that under the undisputed evidence, defendant became a trespasser in the upstairs dining room, where a private party was in session, when the owner requested him to leave. The owner then had a right to use reasonable force to terminate the trespass. (Ill. Rev. Stat. 1979, ch. 38, par. 7—3.) No evidence presented by either side indicated the owner did more.

Defendant's motion *in limine* was made orally. It called the court's attention to defendant's prior conviction of the felony of assault with a dangerous weapon. Defense counsel stated that he would have no objection to the jury being told that defendant had been convicted on a prior occasion of a felony. He objected to the name of the offense being presented to the jury, however, because the nature of that offense was very similar to the offense of battery for which he was on trial. As set forth in *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, proof of a defendant's prior conviction of a crime, which occurred within a time-frame met here, is admissible to impeach the defendant's veracity if the court determines that its probative value for impeachment exceeds the prejudice to the defendant that would occur because the trier of fact might improperly consider the evidence to bear upon the defendant's propensity to commit crime. We held in *People v. Guthrie* (1978), 60 Ill. App. 3d 293, 376 N.E.2d 425, that evidence of a defendant's conviction of felonies not directly related to dishonesty has some probative value to impeach the defendant's veracity. However, in *People v. Ridley* (1975), 25 Ill. App. 3d 596, 323 N.E.2d 577, the court recognized that prejudice to a defendant arising from proof of his prior conviction of crime is greatest when the impeaching offense is the same as the one for which he is on trial. Although affirming the conviction where this had occurred, the court said that impeachment by showing conviction of the offense for which the defendant was on trial should be permitted only infrequently, citing *Gordon v. United States* (D. C. Cir. 1967), 383 F.2d 936. The charged and impeaching offense in *Ridley* was armed robbery.

Here, the offense with which defendant was charged and the impeaching offense were not the same but were very similar. Had the jury merely been informed that defendant had been convicted of a felony, the jury would not have known of the similarity of the offenses and would have been less likely to improperly consider the prior conviction as bearing on defendant's propensity to commit the battery charged. The defendant's theory has some attraction as a method of permitting probative impeachment while minimizing the chance the evidence will be improperly considered against the defendant.

On the other hand, as the impeaching value of a prior conviction depends to some extent upon the degree to which the offense shows the

defendant's "previous disrespect for societal orders" (see *People v. Wright* (1977), 51 Ill. App. 3d 461, 466, 366 N.E.2d 1058, 1063, Reardon, J., specially concurring, Kunce, J., dissenting), some probative value exists in permitting the trier of fact to know the nature of the impeaching offense even though the offense does not bear directly upon dishonesty.

Although the trial court could have resolved the conflicting interests of the parties here by denying proof of the assault with a deadly weapon conviction if the defendant would agree to the jury being informed that he had been convicted of a prior nameless felony, the trial court was not required to do so. It could have considered the nature of the impeaching offense to have had sufficient impeaching value to justify its being presented to the jury.

■■ To the extent defendant's claim of error in regard to denial of the motion *in limine* is based upon a theory that the trial judge did not perform the *Montgomery* balancing function, we disagree. At the hearing on the motion *in limine* defense counsel discussed *Montgomery* and explained to the court as to the discretion which the court had.

For the reasons stated, we affirm.

Affirmed.

TRAPP, P. J., and WEBBER, J., concur.