THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT G. VAUGHN, Defendant-Appellant.

Fifth District   No. 82—96

Opinion filed June 10, 1983.

Randy E. Blue and David M. Raymond, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Stephen E. Norris, Special Prosecutor, of Mt. Vernon (Mark A. LaRose, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Following a jury trial in the circuit court of Fayette County, defendant, Robert Vaughn, was convicted of aggravated battery. Judgment was entered on the verdict and defendant was sentenced to a two-year term of probation contingent upon his serving the first 60 days in jail and making restitution to the victim. Defendant appeals

his conviction and raises the following issues: whether the trial court denied him his constitutional right to counsel by permitting defendant's attorney to withdraw on the day of the trial and requiring defendant to proceed *pro se* without securing a knowing and intelligent waiver of counsel and whether the trial court erred by refusing to instruct the jury on the defense of justifiable use of force.

On September 11, 1978, an information was filed which charged that defendant committed the offense of aggravated battery by striking Eugene Ruot in the face with his fist while Ruot was on a public way. Dennis Huber was appointed to represent defendant, and at the preliminary hearing on September 25, 1978, the court found probable cause to believe that defendant committed the offense. Defendant entered a plea of not guilty.

On February 16, 1979, Frank Giampoli was substituted as counsel for defendant because Huber had been appointed to the bench. On April 9, 1979, Giampoli moved to withdraw from the case because Fayette County had terminated its participation in the Fourth Judicial Public Defender Project. The court granted the motion and appointed John Reznick to represent defendant. On May 21, 1979, Reznick was permitted to withdraw as counsel because he was a potential witness in defendant's case. Larry LeFevre became the next appointed counsel for defendant.

On June 13, 1979, defendant filed a *pro se* "motion for substitution of counsel" alleging that LeFevre was biased against him and did not want to represent him. At the June 25, 1979, hearing, defendant indicated that he wished to retain private counsel but later, on July 11, defendant requested the court to appoint an attorney for him. David L. Miller was then appointed to represent defendant.

On January 22, 1980, the day before trial, Miller filed a motion for leave to withdraw as counsel and a motion to continue the case. In his motion for leave to withdraw as counsel, Miller alleged that defendant had made "extensive demands for subpoenaing of witnesses not material to his defense," had refused to follow the suggestions and advice of counsel and had displayed a "lack of faith in the professional advice and experience of counsel."

A hearing was held on the motions on January 23, 1980, at which Miller reiterated the allegations of his motion to withdraw. The court granted the motion to withdraw, but asked Miller to serve as "standby counsel," ordering him to remain as legal advisor to assist defendant upon request. The court denied the motion to continue and the case proceeded to trial.

The State's first witness was Carol Dugan, formerly chief deputy

sheriff of Fayette County from 1970 to 1978. Deputy Dugan testified that on September 8, 1978, he answered a call concerning trouble at defendant's residence. The woman who answered the door denied that there had been any trouble and Deputy Dugan and Sheriff Dan Michel then proceeded to the next house where they found the victim Ruot. Dugan testified that Ruot's shirt was covered with blood and he had "a pretty bad looking eye." The officers then returned to defendant's residence and placed defendant under arrest. On cross-examination, Dugan stated that he did not notice any damage to defendant's bean field.

Eugene Ruot testified that he had been the road commissioner of Bowling Green Township for the past nine years and that his responsibilities included maintenance of all township roads and drainage ditches alongside them. Ruot testified that on September 8, 1978, he was operating a road grader on the township road in front of defendant's residence. Ruot further testified that prior to being struck, he heard defendant say "you goddam son of a bitch, stay out of my bean field, I'm going to kill you." He stated that defendant climbed aboard the vehicle and struck him five or six times in the face and head.

Complainant testified that defendant knocked his head against the grader, rendering him unconscious, but he was able to turn off the grader before it went off the road into the opposite ditch. His employees found him and telephoned the sheriff. He was hospitalized for two days for treatment of his injuries which he stated consisted of a fractured skull, jaw broken in three places and four or five stitches in his head.

Defendant testified in his own behalf that the "grader was way off the road" and "neither tire was on the road." He stated that after the grader passed the culvert it went off the road again and "started covering up the beans." Defendant shouted at complainant to stay out of the bean field and when he did not comply, he lost his temper and jumped onto the grader. Defendant testified that he then "hit him a couple of times because I was aiming to put him off our ground, from destroying our crops." He further testified that he told complainant, "You stay off or I'll kill you" and "the next time you get on my property and bother us again I'll kill you."

On cross-examination, defendant stated that he planted the beans about nine or 10 feet from the center line of the road. Defendant admitted that there were no permanent markers identifying the exact width of the road. He also admitted that he climbed up on the cab of the grader and cursed and struck complainant about the head and face.

The jury found defendant guilty of aggravated battery, and the court sentenced him to a two-year term of probation. Defendant appealed his conviction, alleging that the trial court erred in failing to enter judgment on the verdict. The court agreed with defendant's contentions and without addressing the issues presented in this appeal, remanded the case. Judgment was entered on the verdict on August 6, 1981, and defendant was again sentenced to two years' probation. From that judgment defendant now appeals.

The first contention presented on appeal is that defendant was denied effective assistance of counsel when the trial court permitted defendant's attorney to withdraw on the day of the trial and remain as his legal advisor. Defendant maintains that although the court might have properly allowed counsel's motion to withdraw, it could not do so without first admonishing defendant in accordance with Supreme Court Rule 401(a) (87 Ill. 2d R. 401(a)). Defendant contends that the trial court's dismissal of court appointed attorney without first securing a knowing and intelligent waiver of counsel constituted reversible error.

Supreme Court Rule 401(a) requires that a defendant be advised by the trial court of the nature of the charges against him, the minimum and maximum sentences and his right to counsel. The purpose of the rule is to eliminate any doubt that the defendant understands the charge against him and its consequences and to preclude a defendant from entering a plea of guilty or waiving the right to counsel without full knowledge and understanding. *People v. Pittman* (1979), 75 Ill. App. 3d 683, 394 N.E.2d 702.

In the instant case, defendant's counsel, David Miller, moved to withdraw as counsel on the day before the trial. He also made a motion to continue the case so that defendant could secure another attorney. Miller alleged that defendant continually refused to follow his advice, insisted that he call witnesses who were not material to the case, and consulted other counsel while Miller was representing him. Although the court granted the motion to withdraw, it denied the continuance and ordered Miller to remain as legal advisor to assist defendant.

At trial, defendant proceeded *pro se* with his defense and presented an opening statement, cross-examined the State's witnesses, called witnesses on his behalf, introduced some evidence and moved for a directed verdict. Although we cannot determine from the record the exact nature of the services rendered by appointed counsel it is clear that Miller, as standby counsel, was present throughout the trial and assisted defendant with his defense.

■■ The right to counsel of a defendant's own choosing may not be employed as a weapon to indefinitely thwart the administration of justice or to otherwise embarrass the effective prosecution of crime. (*People v. Myles* (1981), 86 Ill. 2d 260, 427 N.E.2d 59.) Defendant's inability to resolve conflicts with his court-appointed attorneys caused the case to be continued several times, and defendant clearly was not entitled to another continuance or attorney. We believe that defendant's refusal to cooperate with his fifth appointed counsel was tantamount to an election to proceed *pro se* with his defense. Requiring defendant to proceed *pro se* with standby counsel is not a waiver within the meaning of Rule 401(a), and thus the admonitions of the rule were not required when the case proceeded to trial as scheduled. *People v. Pittman* (1979), 75 Ill. App. 3d 683, 394 N.E.2d 702.

A factual situation similar to the one presented here was before the Illinois Supreme Court in *People v. Myles* (1981), 86 Ill. 2d 260, 427 N.E.2d 59. In *Myles*, defendant's inability to cooperate with his attorney prompted the attorney to file a motion to withdraw which was granted by the court. The public defender was then appointed, and the case was continued in order that counsel might prepare for trial. Defendant, however, refused to cooperate in the preparation of his defense, and the public defender requested permission to withdraw. The public defender's request to withdraw was denied, and the case proceeded to trial even though defendant declined the services of the public defender and refused to proceed *pro se*.

At trial, defendant proceeded *pro se* and cross-examined State's witnesses, objected to certain evidence and to instructions tendered by the State, presented witnesses on his own behalf and conducted his own closing argument. The public defender remained as standby counsel although defendant did not avail himself of the attorney's services.

The court in *Myles* rejected defendant's contention that counsel's failure to participate in the trial deprived him of effective assistance of counsel. Instead, the court noted that counsel's failure to participate resulted from defendant's refusal to cooperate with appointed counsel and his insistence that such counsel not assist him. The Illinois Supreme Court reversed the appellate court and affirmed the judgment of the trial court, stating that there was no waiver of counsel which would invoke the requirements of Rule 401(a). We believe that the holding in *Myles* effectively disposes of defendant's contention that he was denied effective assistance of counsel. Accordingly, we find that the trial court acted properly in permitting defendant's attorney to withdraw as counsel and remain his legal advisor.

Furthermore, this court has recently held that a defendant who

proceeds to trial with the assistance of standby counsel does not proceed *pro se* and the record need not show an explicit waiver of counsel after the full admonishments required by Supreme Court Rule 401(a). *People v. Hite* (1983), 115 Ill. App. 3d 66.

Defendant's second contention on appeal is that the trial court erred in refusing to instruct the jury on the defense of justifiable use of force. The State, by contrast, contends that the court properly refused to instruct the jury because there was no evidence to support the defense of justification.

A person is justified in the use of force against another when and to the extent he reasonably believes such conduct is necessary to prevent or terminate a trespass or tortious interference with property. (Ill. Rev. Stat. 1979, ch. 38, par. 7—3.) On the basis of this defense, defendant tendered two instructions, the rejection of which he maintains was error. The first instruction was a modified version of Illinois Pattern Jury Instruction (IPI), Criminal, No. 24.08 (1968), which states the defense of justifiable use of force in the defense of property as set forth by statute. The other instruction by defendant stated the State's burden of proof with respect to the affirmative defense. The court refused to give either instruction.

A defendant is entitled to have the jury instructed on any legally recognized defense which has some foundation in the evidence. (*People v. Rodriguez* (1981), 96 Ill. App. 3d 431, 421 N.E.2d 323.) Before instructing the jury on any affirmative defense, the court thus must initially resolve the threshold question of whether some evidence supports the particular theory. Although only slight evidence of an affirmative defense is sufficient to entitle an accused to an instruction on that defense, we do not find such evidence to be present here.

In *People v. Bradshaw* (1981), 100 Ill. App. 3d 45, 426 N.E.2d 345, the court was faced with a similar situation in which it had to determine whether a self-defense instruction was warranted by the evidence. In that case the defendant was convicted of battery for striking a tavern owner. On appeal, defendant contended that the trial court erred in refusing his tendered instruction on self-defense. The appellate court disagreed and upheld the conviction, stating that "[t]he placing of an arm around a person in a reasonably calm manner while telling that person to leave is not such conduct as to cause that person to reasonably believe the use of force is necessary to defend himself." 100 Ill. App. 3d 45, 46-47, 426 N.E.2d 345, 346.

In the instant case, we similarly believe that defendant's conduct was so unreasonable under the circumstances that no genuine issue regarding justification existed. Defendant's striking complainant

about the face and head while he was performing his duties as township road commissioner cannot be justified by his desire to protect his beans. We are not persuaded by defendant's self-serving statement that he yelled and cussed at complainant to get his attention, and "went through every process that I knew to get him to stay off the ground and he wouldn't do it." We further note that the evidence suggests that the several rows of beans which were allegedly damaged were actually planted on land reserved for the township road, the width of which is set by law at 40 feet. Ill. Rev. Stat. 1979, ch. 121, par. 6—301.

After reviewing the evidence in the record, we are convinced that defendant did not present a submissible jury question. Consequently, we believe that the trial court properly refused to give defendant's tendered instruction based on the justifiable use of force for the protection of property.

For the foregoing reasons, the judgment of the circuit court of Fayette County is affirmed.

Affirmed.

HARRISON, P.J., and JONES, J., concur.