THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TAMMY S. GOULD, Defendant-Appellant.

Third District   No. 3—84—0209

Opinion filed May 2, 1985.—Rehearing denied June 13, 1985.

James P. Kellstedt, of Peoria Heights, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Peter M. Tumminaro, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

This case comes on appeal from a judgment on a Tazewell County Circuit Court jury verdict which convicted the defendant-appellant of retail theft. We affirm.

Defendant and her sister were shopping at the K mart store in Washington on December 23, 1982. They purchased approximately 21 items. One of the items they purchased was a G. E. Brewstarter II coffeemaker. The evidence showed that when they placed the coffeemaker box in their shopping cart, it had two price stickers, both showing prices. One sticker showed the retail price of $35.96. The other showed freight charges of $4.55. This coffeemaker was in a large display of various coffeemakers for sale. Each type of coffeemaker had a large price tag attached to a demonstrator model with that item's retail price. The Brewstarter II was part of this display, and $35.96 was prominently displayed.

While her sister and she were shopping, defendant noticed the two prices on the box. She then peeled off the $35.96 tag and threw it to the floor. She was observed doing this by store security. The sisters then proceeded to the checkout area. The coffeemaker was rung up at $4.55. Soon after they had left the store, store security approached them, asking them to return to the store. They initially refused, but eventually consented.

Back in the store, defendant admitted to peeling the tag off. She further stated that she did not know which price was the correct one,

so she peeled the higher priced tag, hoping to get a "good deal." She was charged with retail theft under section 16A–3(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 16A–3(b)). The jury convicted her, and she was ordered to pay a fine of $270. She appeals, claiming that certain factors prevented her from having a fair trial.

■ ■ The first factor that defendant claims prevented her from having a fair trial is that the court failed to allow defense counsel to argue and to submit instructions on an entrapment defense. The alleged entrapment was that the cashier, the assistant manager who was present, and the store security guard who saw her did not make any attempt to stop her.

As the defendant was checking out, the cashier could not find the proper "key" number. The "key" number is K mart's system for tracking its inventory. It is undisputed that he asked the assistant manager, who was present, about the proper "key" number. The manager replied, and the cashier rang $4.55. Defendant claims that she asked whether $4.55 was the correct price, and the cashier said that it was. There is no evidence to support this. Defendant's sister did not recall hearing the cashier say anything to the defendant. The cashier stated that he could not find the price on the box, and that the defendant pointed to the $4.55 sticker. The only employee who knew about the defendant's activities was the store security guard. He did nothing to stop her.

The entrapment statute (Ill. Rev. Stat. 1981, ch. 38, par. 7–12) states that it is not entrapment if a person is merely afforded an opportunity or facility for committing the offense. Case law has interpreted this as whether the defendant was influenced by the government or its agent, or whether the defendant was predisposed to commit the offense. (*People v. Martin* (1984), 124 Ill. App. 3d 590, 464 N.E.2d 387.) There was no governmental agency influence here. The defendant talked to no store personnel until she reached the checkout stand. By then, she had already removed the price tag, indicating that she was predisposed to commit the offense. There was no evidence to suggest entrapment.

Further, defendant was not entitled to an entrapment defense, as she did not admit committing the crime charged. (*People v. Cooper* (1974), 17 Ill. App. 3d 934, 308 N.E.2d 815.) The defense may not be raised when the defendant denies the facts constituting the offense. (*People v. Gonzalez* (1974), 24 Ill. App. 3d 259, 320 N.E.2d 197.) Defendant specifically denied that she committed retail theft. Thus, the instruction was properly refused, as there was no foundation for it in the evidence. *People v. Vaughn* (1983), 116 Ill. App. 3d 193, 451

N.E.2d 898.

■ The second issue is whether the trial judge's refusal to further examine veniremen during *voir dire* denied the defendant of a fair trial. We note at the outset that there is no record of the *voir dire*. We only have a summation by the trial judge of what occurred and arguments by counsel prior to the opening of the trial. Defendant claims that the trial court abused its discretion in not asking certain questions regarding the details of experiences of the jurors in criminal situations.

The trial judge is afforded broad discretion in *voir dire*. Supreme Court Rule 234 (incorporated into criminal trials by Rule 431) provides in pertinent part: "[In *voir dire*, t]he court may permit the parties to submit additional questions to it for further inquiry if it thinks they are appropriate ***." (87 Ill. 2d R. 234.) Reversal of a conviction will only lie when there has been an abuse of discretion whereby defendant would be denied an impartial hearing. (*People v. Bowen* (1980), 87 Ill. App. 3d 221, 408 N.E.2d 993.) An abuse of discretion will be found only if, after reviewing the record, it is determined that the court's failure to ask defendant's questions thwarted the selection of an impartial jury. *People v. Teague* (1982), 108 Ill. App. 3d 891, 439 N.E.2d 1066, *cert. denied* (1983), 464 U.S. 867, 78 L. Ed. 2d 179, 104 S. Ct. 206.

■ *People v. Zehr* (1984), 103 Ill. 2d 472, 469 N.E.2d 1062, held that refusal to ask certain questions was reversible error. However, the three questions proposed in *Zehr* concerned the constitutional protections of the right to remain silent and the necessity of being proved guilty beyond a reasonable doubt. There are two factors present in the instant case that make *Zehr* distinguishable. The first is that we have no record of the *voir dire*. We cannot determine exactly what defense counsel requested the court to ask. We do have the pretrial statements of counsel and the court. They show that counsel wished to ask about the experiences various veniremen had regarding crimes in which they or their families had been involved in. This court has held that when vague oral suggestions as to prejudice against reasonable doubt were made in place of specific questions, there was no error under *Zehr*. (*People v. Estes* (1984), 127 Ill. App. 3d 642, 469 N.E.2d 275.) We will not expand *Zehr* to situations involving suggestions about life experiences.

The second distinguishing factor is the topic of the questions. As stated above, the *Zehr* questions concerned bias towards constitutional protections. The topic in this case concerned personal bias due to experience in the criminal law system. The determination of

whether a juror will give the accused a fair trial rests within the sound discretion of the trial court. (*People v. Thomas* (1980), 89 Ill. App. 3d 592, 411 N.E.2d 1076.) The trial judge, in his summation, stated the factors that made him feel that each prospective juror would be fair and impartial and would not harbor any bitterness towards either the defendant or the State's Attorney's office. Absent anything else, we find nothing to indicate an abuse of discretion as to determining the impartiality of the jury.

We have considered defendant's other factors that she claims denied her a fair trial. We find them not to be prejudicial enough, alone or together, to warrant reversal on the basis that she was denied a fair trial because of them.

■ Defendant's final contention is that she was not proved guilty beyond a reasonable doubt. To this effect, the argument is that the State failed to show any direct evidence of the required mental states needed to convict. The State presented only circumstantial evidence on the intent question. Defendant presented her statements that she did not know it was a crime. This was all the evidence as to intent. Circumstantial evidence is the only way possible to prove the mental state other than having a defendant's direct confession. This type of evidence is sufficient to convict. It should be considered as competent as direct evidence, *i.e.*, defendant's denial on the question. When there is a conflict in the evidence, the trier of fact determines the credibility.

■ Defendant further contends in this regard that the instruction on circumstantial evidence should have been given (Illinois Pattern Jury Instruction, Criminal, No. 3.02 (2d ed. 1981)). This is not true in this case. The instruction is only given when all the evidence against the defendant is entirely circumstantial. (*People v. Estes* (1984), 127 Ill. App. 3d 642, 469 N.E.2d 275; *People v. Minish* (1974), 19 Ill. App. 3d 603, 312 N.E.2d 49.) The evidence in this case was not entirely circumstantial. Defendant was seen and admitted peeling the price tag off so she would be charged the lower price. This clearly shows that she intended to pay K mart $4.55 instead of $35.96. Thus, the instruction should not have been given.

■ We find that the jury's decision was warranted by the facts. This court will not disturb a jury's verdict unless the evidence is so palpably contrary to the verdict or so unreasonable as to cause a reasonable doubt as to the guilt of the accused. (*People v. Johnson* (1974), 18 Ill. App. 3d 219, 309 N.E.2d 619.) The motion of the State to strike certain items submitted by defendant in the record will be granted, and those items are ordered stricken from the record.

Thus, for the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.