THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES GRAVES, Defendant-Appellant.

Second District   No. 84—0349

Opinion filed May 30, 1985.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Judith M. Pietrucha, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, James Graves, was found guilty of armed robbery and unlawful restraint (Ill. Rev. Stat. 1983, ch. 38, pars. 18—2, 10—3). He was sentenced to 30 years' imprisonment for armed robbery and three years' imprisonment for unlawful restraint, the sentences to run concurrently. He appeals, contending that the trial court erroneously refused to instruct the jury on his claim of self-defense.

As relevant to the issue raised on appeal, the evidence at trial disclosed that on the evening of April 5, 1983, John Barclay encountered defendant at a bar in the Rush Street area of Chicago. Barclay testified that he eventually acceded to defendant's suggestion that defendant follow Barclay back to the latter's apartment in Wheaton. After they arrived, defendant requested that Barclay undress, asserting an intent to tie Barclay up. Defendant directed Barclay to disrobe and then pushed him onto the bed, saying that he would use Barclay's tie in order to bind the latter since there was no rope, but when defendant attempted to tie him up, Barclay rolled off the bed and onto the floor. A struggle ensued in which Barclay was kicked and beaten, bound with neckties from the closet, threatened with knives from the kitchen and asked for money. Defendant ultimately took a college ring from Barclay's finger, his keys and a dollar bill before departing. Barclay freed himself by cutting through his bonds with one of the knives defendant had used to threaten him and, after dressing and finding that the telephone lines had been cut, went outside and called the police.

Defendant testified that on the evening of April 5 he met Barclay at a restaurant and, at Barclay's suggestion, proceeded to a nearby gay bar. Barclay later invited defendant back to his apartment, where Barclay offered him the use of marijuana or cocaine, which defendant declined. Barclay then showed defendant an issue of Playboy, as well as some homosexual magazines and photographs. Defendant called Barclay a pervert, and Barclay then placed his hands on defendant's genitals. Defendant said he pushed Barclay away, and the two men struggled. Barclay grabbed a knife, and defendant struck, choked and kneed him until he could obtain possession of the knife. Barclay retreated to the wall, asking not to be cut, and inquired if defendant wanted money. When defendant replied in the negative, Barclay opened his wallet and extracted a dollar. Defendant threw the bill in Barclay's face and said he would call the police, whereupon Barclay said he had a lot of friends and would

claim that defendant had robbed him. Defendant testified he warned Barclay not to follow him, discarded the knife and ran out the door. He denied taking Barclay's ring, keys or currency.

During the conference on instructions, defendant tendered a pattern jury instruction on the issue of self-defense. (See Illinois Pattern Jury Instruction (IPI), Criminal, No. 24—25.06 (2d ed. 1981).) The State objected, contending that self-defense could not be asserted to charges of unlawful restraint and armed robbery. The court sustained the objection and refused the instruction. On appeal, defendant contends that the trial court's ruling was error.

In this case the State charged that defendant obtained property from John Barclay by force, and that in the course of so doing he used neckties to tie Barclay up. Defendant denied both taking property from Barclay and binding him with the ties. While defendant acknowledged striking, choking and kicking Barclay, he testified that he did so only after Barclay attempted an act of sexual molestation and threatened him with a knife.

Defendant asserts that he was entitled under the circumstances to have the jury instructed on his theory of self-defense, and that the trial court's refusal of this instruction is reversible error. He acknowledges that there are certain offenses to which a claim of self-defense is inapplicable and that several courts have found robbery to be among the offenses against which a claim of self-defense may not be interposed. (*People v. Gates* (1977), 47 Ill. App. 3d 109, 361 N.E.2d 809; accord, *People v. Costa* (1963), 218 Cal. App. 2d 310, 32 Cal. Rptr. 374; *People v. Beebe* (1976), 38 Colo. App. 80, 557 P.2d 840.) Nevertheless, defendant characterizes this case as one where the defendant admits using force, yet denies the remaining elements of the offenses of armed robbery and unlawful restraint. In such circumstances, he argues, the nature of the offenses charged does not preclude his resort to a theory of self-defense.

A defendant is entitled to have the jury instructed on any legally recognized defense which has some foundation in the evidence. (*People v. Vaughn* (1983), 116 Ill. App. 3d 193, 451 N.E.2d 898.) An instruction on self-defense should be given where there is some evidence in the record which, if found credible by the jury, would support such a claim. (*People v. McGee* (1982), 110 Ill. App. 3d 766, 443 N.E.2d 1057.) The accused is entitled to the benefit of any defense shown by the evidence, even if the facts upon which that defense is based are inconsistent with the defendant's own testimony. (*People v. Rodriguez* (1981), 96 Ill. App. 3d 431, 421 N.E.2d 323.) The trial court may not weigh the evidence in deciding whether an issue has

been raised entitling defendant to an instruction (*People v. Bryson* (1980), 85 Ill. App. 3d 448, 406 N.E.2d 939), and even slight evidence of an affirmative defense is sufficient to entitle defendant to an instruction (*People v. Bradshaw* (1981), 100 Ill. App. 3d 45, 426 N.E.2d 345).

In Illinois, a claim of self-defense is not available to a person who is attempting to commit, committing, or escaping after the commission of, a forcible felony. (Ill. Rev. Stat. 1983, ch. 38, par. 7—4(a).) Defendant argues that this statutory provision does not preclude an assertion of self-defense where he admits the use of force but denies committing any of the remaining elements of the charged offenses. We do not agree.

Defendant's reliance upon *State v. Antwine* (1980), 4 Kan. App. 2d 389, 607 P.2d 519, is misplaced. In that case, there was evidence that the defendant had done no more than take a pistol from an antagonist in the course of an altercation, and the court observed that the taking and retention of a gun until it is safe to return it would not necessarily constitute a forcible taking of property, but could be justified as self-defense. (4 Kan. App. 389, 400, 607 P.2d 519, 528-30.) The aspect of the discussion in *Antwine* is consistent with Illinois law (Ill. Rev. Stat. 1983, ch. 38, par. 7—4(c)(1)), but is unavailing to defendant here.

In this case there was no evidence that either the taking of Barclay's property or the imposition of restraints upon him was the product of defendant's fear for his own safety. Where the evidence showed no basis upon which the jury could have found that defendant's conduct, as charged in the information, was justified by his need for the defense of his person, refusal of an instruction on self-defense was not error. See *People v. Bratcher* (1976), 63 Ill. 2d 534, 540-41, 349 N.E.2d 31, 34.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

REINHARD and UNVERZAGT, JJ., concur.