THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TIMOTHY S. MILES, Defendant-Appellant.

Second District   No. 2—84—1136

Opinion filed December 12, 1986.—Rehearing denied January 28, 1987.

John W. Werner, of Clarendon Hills, for appellant.

Robert J. Morrow, State's Attorney, of Geneva (William L. Browers and Dale M. Wood, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Following a jury trial, defendant, Timothy S. Miles, was found guilty of the offense of operating a motor vehicle with an alcohol concentration in his breath or blood of 0.10 or more. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(1).) Defendant was sentenced to serve 60 days in the Kane County jail, to serve a term of 12 months' probation and ordered to pay fines and court costs in the amount of $100. He was also required to participate in a substance abuse program as might be recommended by the probation department. Defendant appeals.

On May 11, 1984, defendant, a diabetic, was arrested and issued a uniform traffic citation. The uniform traffic citation listed the alleged violation as "DRIVING UNDER THE INFLUENCE—LIQUOR *** 11—501(A)." Defendant was transported to the Geneva police station where a breathalyzer test was administered. The result of the test showed a .17 level of alcohol in defendant's breath. Defendant was then transported to the hospital for treatment of his diabetic condition.

Defendant entered a plea of not guilty to the charge, and the case was set for jury trial on September 24, 1984. On September 24, 1984, the State was granted leave to file an amended information which charged the defendant with operating a motor vehicle with an alcohol concentration in his breath or blood of 0.10 or more (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(1)) and granted the State's motion to dismiss the previously issued uniform traffic citation. The case was continued for one day for jury trial. At the close of all the evidence, the jury returned a verdict of guilty against the defendant. On November 21, 1984, the trial court imposed the sentence outlined above on the defendant. This appeal followed.

Defendant raises the following issues on appeal: whether the defendant was tried on an improper pleading; whether the arraignment of the defendant was insufficient; whether the trial court ruled incorrectly as to the exclusion of certain evidence; whether the trial court abused its discretion as to the continuance of the case for trial; whether the defendant was proved guilty beyond a reasonable doubt; and whether the trial court abused its discretion as to the sentencing

of the defendant.

We note at the outset that defendant has failed to file a post-trial motion. Our supreme court has consistently condemned this practice in criminal cases tried to juries. (*People v. Caballero* (1984), 102 Ill. 2d 23, 31; *People v. Huckstead* (1982), 91 Ill. 2d 536, 543.) Such practice violates the Code of Criminal Procedure of 1963, which requires that a written motion for a new trial specifying the grounds therefor be filed by the defendant within 30 days following the return of the verdict. Ill. Rev. Stat. 1983, ch. 38, par. 116—1; *People v. Caballero* (1984), 102 Ill. 2d 23, 31.

In *Caballero*, the defendant was convicted of murder, armed violence and unlawful restraint and was sentenced to death. No written post-trial motion was filed, although defense counsel objected to the judgment and execution order. Although our supreme court felt constrained to review the case because of the imposition of the death penalty, the court stated in pertinent part as follows:

> "The general rule followed by this court is that the failure to raise an issue in the written motion for a new trial constitutes a waiver of that issue and it cannot be urged as a grounds for reversal on review. [Citation.] Failure to raise issues in the trial court denies that court the opportunity to grant a new trial, if warranted. This casts a needless burden of preparing and processing appeals upon appellate counsel for the defense, the prosecution, and upon the court of review. Without a post-trial motion limiting the consideration to errors considered significant, the appeal is open-ended. Appellate counsel may comb the record for every semblance of error and raise issues on appeal whether or not trial counsel considered them of any importance.
>   ***
> *** We wish to restate *** trial counsel has an obligation to see that the statute is complied with so that the review will be limited to issues of some significance. (*People v. Caballero* (1984), 102 Ill. 2d 23, 31-33.)

The case before this court is not one in which the death penalty has been imposed, and therefore this court is not constrained to review any alleged errors not properly before us.

Nonetheless, where an issue not properly preserved for review serves to deprive a criminal defendant of a fair and impartial trial, or where the evidence is closely balanced, the plain-error doctrine will be applied. (*People v. Walker* (1985), 109 Ill. 2d 484, 504.) Plain error is an error or defect affecting substantial rights. 87 Ill. 2d R. 615(a).

We have reviewed the record in this case and find that none of the errors alleged by the defendant reach the level of plain error. Nor is the evidence in this case so closely balanced that the commission of any of the alleged errors or the cumulative effect thereof would have affected the outcome of this case. The object of the appellate court on review is not to determine whether the record is totally free from error but whether any error occurred which operated to the prejudice of the appellant or unduly affected the outcome below. (*People v. Mathis* (1977), 55 Ill. App. 3d 680, 688.) Further, we do not find under the facts in the record before that defendant's sentence is excessive.

For all the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

NASH, P.J., and UNVERZAGT, J., concur.