THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEFF SCHWARZ, Defendant-Appellant.

Second District   No. 2—86—0685

Opinion filed March 31, 1987.—Rehearing denied June 5, 1987.

Jeff Schwarz, of Ashton, for appellant, *pro se.*

Eugene L. Stockton, State's Attorney, of Dixon (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant, Jeff Schwarz, was convicted in the circuit court of Lee County of driving while his license was suspended (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303) and of improper lane usage (Ill. Rev. Stat. 1985, ch. 95½, par. 11—701). He appeals, claiming that he was denied his sixth amendment right to counsel when the trial court refused to allow him to be represented by his brother, who is not a licensed attorney.

We note initially that defendant's *pro se* brief fails to comply with Supreme Court Rule 341 (103 Ill. 2d R. 341(e)). Rule 341 sets forth elements which must appear in each appellant's brief. Defendant's brief does not contain a summary of points and authorities, introductory paragraph, statement of issues presented, or statement of facts. It also does not contain an appendix as required by Supreme Court Rule 342 (103 Ill. 2d R. 342(a)). In fact, the brief consists entirely of 33 pages of "argument." The statement of and authority for the single issue raised are contained in the first few pages, and the rest of the argument consists of a disjointed diatribe against lawyers generally, legislatures, courts, and several of the key figures in the Watergate scandal. Defendant attempts to marshal support for his position from, *inter alia, Marbury v. Madison* (1803), 5 U.S. (1 Cranch) 137, 2 L. Ed. 60; *Roe v. Wade* (1973), 410 U.S. 113, 35 L. Ed. 2d 147,

93 S. Ct. 705; the Sherman Antitrust Act (15 U.S.C. sec. 1 *et seq.* (1973)); the Federalist Papers; the Declaration of Independence; and numerous provisions of the United States Constitution, including the preamble, the supremacy clause (U.S. Const. art. VI), and the first, sixth, ninth, tenth, and fourteenth amendments.

■ In spite of the inadequacy of defendant's brief, however, we find that the issue raised is adequately presented for our review. Therefore, we consider it on the merits. The sixth amendment states, in relevant part:

> "In all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defence." U.S. Const., amend. VI.

■ ■ The right to counsel of one's choice, however, is not as absolute as the sixth amendment right to assistance of counsel. (*United States v. Gray* (5th Cir. 1978), 565 F. 2d 881, 887, *cert. denied* (1978), 435 U.S. 955, 55 L. Ed. 2d 807, 98 S. Ct. 1587.) The right to counsel of choice cannot be employed as a weapon "to indefinitely thwart the administration of justice or to otherwise embarrass the effective prosecution of crime." (*People v. Vaughn* (1983), 116 Ill. App. 3d 193, 197, 451 N.E.2d 898.) While it appears that the precise claim raised by the defendant, whether he is entitled to be represented by a nonattorney, has never been decided by a State court of Illinois, it has been consistently rejected by the Federal courts which have considered it. The Seventh Circuit Court of Appeals has consistently held that a criminal defendant has no right to be represented by one who is not a licensed attorney. (*United States v. Thibodeaux* (7th Cir. 1985), 758 F.2d 199, 201; *United States v. Taylor* (7th Cir. 1978), 569 F.2d 448, 450-51; *United States v. Jordan* (7th Cir. 1975), 508 F.2d 750, 753, *cert. denied* (1975), 423 U.S. 842, 46 L. Ed. 2d 62, 96 S. Ct. 76.) A State court has very recently decided the issue adversely to defendant. *State v. Taylor* (La. Ct. App. 1986), 495 So. 2d 996, 998. But see *Annas v. State* (Alaska Ct. App. 1986), 726 P.2d 552, 556 (trial court has discretion upon finding that defendant is competent to represent himself and to waive counsel, to allow defendant to proceed with lay representation).

The only case cited by defendant relevant to the issue raised is *United States v. Tarlowski* (E.D.N.Y. 1969), 305 F. Supp. 112, and it is clearly distinguishable. The concern in *Tarlowski* was defendant's fifth amendment right against self-incrimination where an IRS agent ordered defendant's accountant to leave the room before interrogating defendant. (305 F. Supp. 112, 116.) The court noted that laymen like defendant often rely on accountants for advice and counsel in tax

matters and that the absence of such a person during an interrogation involving tax offenses may render the incriminating statements involuntary. 305 F. Supp. 112, 123-24.

In *Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525, the Supreme Court held that the sixth amendment right to counsel includes the right to represent one's self. The court remarked in a footnote that the first lawyers were personal friends of the litigants, brought in so that the litigants could take counsel with them before pleading. (422 U.S. 806, 820 n.16, 45 L. Ed. 2d 562, 573 n.16, 95 S. Ct. 2525, 2534 n.16.) Nonetheless, the court did not go so far as to hold that this common law concept of "counsel" was encompassed by the sixth amendment. See *United States v. Peterson* (7th Cir. 1977), 550 F.2d 379, 381-82.

We conclude that the circuit court did not err in denying defendant's request to be represented by a nonattorney. His convictions are affirmed.

Affirmed.

LINDBERG, P.J., and WOODWARD, J., concur.