THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY KAEDING, Defendant-Appellant.

Second District   No. 2—86—1069

Opinion filed January 25, 1988.

190

Gary Kaeding, of Rockton, appellant *pro se*.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Following a jury trial in the circuit court of Winnebago County on September 8 and 9, 1986, the defendant, Gary Kaeding, appearing *pro se*, was found guilty of speeding and driving with only one headlight. In this *pro se* appeal, he raises 13 issues.

According to the record, the defendant was issued two uniform traffic citations and complaints on October 17, 1985, at 8:10 p.m. by Trooper Craig Allen of the Illinois State Police. Defendant was traveling 63 miles per hour in a 55 mile-per-hour zone and had only one headlight illuminated. He appeared in court on November 13, 1985, as directed on the citations, and, according to the docket sheet, pleaded "NG." Amongst numerous motions filed thereafter, the defendant demanded that a court reporter be present at all proceedings and that the cause be dismissed for jurisdictional defects.

The next hearing on December 20 was called for the purpose of plea negotiations; however, no negotiations occurred, and defendant's conduct in refusing to step aside and get the notice of the jury trial date caused the court to place him in a holding cell for 40 minutes. Thereafter, the defendant refused to sign the notice of hearing for January 17, 1986. Defendant filed a demand for trial by jury, and more motions to dismiss. The motions to dismiss were heard and denied on January 10. The docket sheet entries do not reflect a court appearance by the defendant on January 17, 1986. Defendant's "Affidavit of Record" contained in the common law record purports to detail the events on that date, and his brief is appended with a report of proceedings for that date under case number 86—CM—311 and case name "People v. John Doe a/k/a Steve (no last name)." Defendant's affidavit is not properly part of the common law record and may not be considered by this court. (*People v. Berkowski* (1944), 385 Ill. 392; *People v. McGrath* (1967), 85 Ill. App. 2d 388.) Similarly, the report of proceedings from the unrelated cause, People v. John Doe, is not properly before this court.

The docket sheet reflects the defendant failed to appear on February 3, but he filed a number of "demands" and motions arising out of the events which purportedly occurred at the January 17 hearing. The two uniform citations were dismissed when the defendant failed to appear, leave was given to file verified complaints, and a warrant for defendant's arrest was issued. He was arrested and released on bond on February 4, and agreed to appear on February 7. The record does not reflect what action, if any, was taken on that date. In July, defendant filed another motion to dismiss the charges for lack of jurisdiction in that the 55 mile-per-hour speed limit was fraudulently enacted under threat of withheld Federal highway funds. The cause proceeded to jury trial on September 8 and 9, 1986. The defendant's motions to dismiss on the basis of lack of jurisdiction and for violation of his right to speedy trial were heard and denied. As noted, the defendant was found guilty as to both counts. On October 14, the court entered judgments of conviction and fined the defendant a total of $300.

■■ ■ Initially we note defendant's brief fails to conform to the requirements of Supreme Court Rule 341 in that it has an improper and inadequate appendix, no meaningful statement of facts, and—save for nondispositive references to sections of the criminal and traffic codes, the constitution and the supreme court rules—cites no pertinent authority in support of his arguments. (107 Ill. 2d Rules 341(e)(6), (e)(7), 342(a).) As frequently stated, this court is entitled to have the issues clearly defined and supported by pertinent authorities (*Boeger v. Boeger* (1986), 147 Ill. App. 3d 629; *In re Estate of Kunz* (1972), 7 Ill. App. 3d 760), and a reviewing court will not apply a more lenient procedural standard to *pro se* litigants than is generally allowed attorneys. (*Harvey v. Carponelli* (1983), 117 Ill. App. 3d 448.) In addition to the inadequacy of defendant's brief, defendant's post-trial "Motion to Vacate Judgment" specifies as error only one of the issues he now presents. It is clear that in criminal cases tried to a jury, a written motion for a new trial specifying the grounds therefore must be filed by the defendant within 30 days of the jury's verdict. (*People v. Caballero* (1984), 102 Ill. 2d 23; *People v. Miles* (1986), 151 Ill. App. 3d 485; Ill. Rev. Stat. 1985, ch. 38, par. 116—1.) Moreover, application of the plain-error doctrine is not warranted in order to save the remaining issues. The doctrine of plain error—that is, an error or defect affecting substantial rights (107 Ill. 2d R. 615(a))—may be applied where an issue not properly preserved for review serves to deprive a criminal defendant of a fair and impartial trial or where the evidence is closely balanced. (*People v. Friesland*

(1985), 109 Ill. 2d 369; *People v. Bosworth* (1987), 160 Ill. App. 3d 714.) Such is not the case here.

■ In our own discretion, however, and notwithstanding the fact defendant's argument is unsupported by citation of authority, we proceed to consider the issue defendant has attempted to preserve for review by including it in his post-trial motion: whether the court had jurisdiction of the cause. Defendant argues that it did not, since no plea was ever entered, nor was he either informed of the criminal nature of the offense or rearraigned after the two uniform traffic citations and complaints were dismissed and criminal complaints filed.

Contrary to the defendant's assertion, the common law docket sheet entry for November 13, 1985, shows the defendant pleaded "NG" to both charges. Moreover, his own "Affidavit of Record," which is not properly part of the common law record, shows he appeared in court on that date as directed on the citations and that he did not respond to the court's thrice-asked question: "How do you plead?" Section 113—4 of the Code of Criminal Procedure of 1963 (the Code) provides that, "[i]f the defendant stands mute a plea of not guilty shall be entered for him and the trial shall proceed on such plea." (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(b).) Thus, there was no error in the defendant's arraignment.

■ As to the criminal complaints filed after the uniform traffic citations were dismissed, the complaints which were substituted charged the defendant with violations of the same sections of the Illinois Vehicle Code as did the uniform traffic citations. (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—601(b), 12—211(a).) After the complaints were filed, defendant made no further objection to the court's jurisdiction on the basis he had not been arraigned, and he appeared and proceeded to trial *pro se* on the date set by the court. Under these circumstances, defendant has waived any claim of error with regard to arraignment. *People v. Hahn* (1980), 82 Ill. App. 3d 173; see also *People v. Jones* (1977), 56 Ill. App. 3d 600; Ill. Rev. Stat. 1985, ch. 38, par. 113—6.

We comment briefly on the defendant's remaining contentions which, as noted above, have not been preserved for review and are not adequately presented.

■ ■ Defendant's contentions that he was not informed of the criminal nature of the charges and that the court erred in giving the jury the actual traffic tickets are refuted by the record. Each ticket clearly informed the defendant of the name of the offense and the statute violated, and, according to a docket sheet entry, the court explained the charges to the defendant, as well as his rights. Moreover,

the report of proceedings shows the defendant specifically stated that he had no objection to the jury seeing the actual traffic tickets.

■■ ■ Defendant next contends he was deprived of due process when the court incarcerated him at the December 20 hearing after he refused to comply with the court's order to sign a notice of hearing. Defendant further contends the court lacked authority to imprison him because no court reporter was present. The record shows the court remanded the defendant to a holding cell for approximately 40 minutes after he interrupted the court with "all sorts of comments" when the court was trying to dispose of its call. Sixty-plus persons were in the courtroom at the time. Defendant's conduct constituted, in effect, direct criminal contempt, and in such instances, it is clear that the usual safeguards of procedural due process are not required. (*People v. L.A.S.* (1986), 111 Ill. 2d 539, 543.) Moreover, the court's jurisdiction of the cause was not dependent upon the presence of a court reporter; the source of the court's jurisdiction is the constitution. Ill. Const. 1970, art. 6, §9; see also Ill. Rev. Stat. 1985, ch. 95½, par. 16—102.

■■ Defendant next contends he was deprived of his right to counsel. He asserts the court refused to allow him to have counsel despite his demand therefor and that the court erred in charging his "counsel" with contempt for sitting in court with the defendant.

According to the docket sheet entry for November 13, 1985, the defendant was advised of his rights, which includes the right to counsel. (Ill. Rev. Stat. 1985, ch. 38, par. 113—3.) No report of proceedings, however, has been submitted for that date. According to defendant's "Affidavit of Record" contained in the common law record, the court denied his request for counsel. As noted previously, defendant's affidavit is not properly part of the record, and the defendant has failed to provide a proper bystander's report. (107 Ill. 2d R. 323(c).) Inasmuch as the responsibility for presenting a sufficiently complete record is the defendant's, any doubts occasioned by the incompleteness of the record are resolved against him. *People v. Turner* (1984), 127 Ill. App. 3d 784.

■■ The report of proceedings of defendant's next appearance in court on December 20 shows he appeared "without counsel." There is no indication therein that he had attempted to engage counsel or wished to do so, or that he was indigent and desired appointed counsel. The right to counsel of the defendant's own choosing may not be employed as a weapon "to indefinitely thwart the administration of justice or to otherwise embarrass the effective prosecution of crime." (*People v. Vaughn* (1983), 116 Ill. App. 3d 193, 197.) It does not ap-

pear from this record that defendant was deprived of the right to counsel, but rather that he used that right to further obfuscate the proceedings. Defendant's appearance in court on January 17, 1986, is not reflected in the docket sheet entries. Clearly, however, defendant had no right to be represented at that time by his friend, Steve, a nonlawyer. (*People v. Schwarz* (1987), 155 Ill. App. 3d 41.) Whether the court erred in finding Steve in contempt is a matter not properly before this court.

■ The defendant next contends the court erred by not dismissing the cause on the ground his right to a speedy trial was violated. Defendant filed a written demand for jury trial on January 7, 1986. Supreme Court Rule 505 specifically provides that a jury demand triggers the speedy trial requirements of section 103—5 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 103—5). (107 Ill. 2d R. 505; *People v. Lorah* (1986), 142 Ill. App. 3d 163.) The defendant here did not actually post bail, however, until his arrest pursuant to warrant on February 4, 1986, after his failure to appear in court on February 3. Until defendant actually was on bond or recognizance, the 160-day speedy trial statute (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b)) did not apply to him. (*People v. Eblin* (1983), 114 Ill. App. 3d 891.) Moreover, the record fails to show defendant demanded either a jury or speedy trial after he was released on bail on February 4. Thus, neither the speedy trial provisions of Supreme Court Rule 505 nor of section 103—5(b) of the Code were triggered, and the court did not err in denying his motion to dismiss.

■ Viewing defendant's next argument in light of his motion to dismiss and attachments thereto, we believe defendant is contending the court should have granted his motion to dismiss the speeding violation of section 11—601(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—601(b)) because the Federal law which served to modify the stated 65 mile-per-hour maximum speed to 55 miles per hour had expired. As the State points out, this court upheld the validity of the 65 mile-per-hour speed limit in Illinois, stating that congressional placement of terms and conditions on States receiving Federal funds is constitutional, inasmuch as each individual State sets its own limit. (*People v. Austin* (1982), 111 Ill. App. 3d 213.) Moreover, assuming *arguendo* the Federal law had expired, defendant was permitted to travel 65 miles per hour "unless some other speed restriction [was] established under this Chapter." (Ill. Rev. Stat. 1985, ch. 95½, par. 11—601.) It is not clear from the record whether 55 mile-per-hour speed limit signs were posted in the area

of defendant's travel. If they were, clearly the defendant was obligated to abide by them.

Defendant's next contention is based on his misunderstanding of the unofficial paragraph title of section 11—610 of the Illinois Vehicle Code, to wit: "Charging violations and rule in civil actions." (Ill. Rev. Stat. 1985, ch. 95½, par. 11—610.) Based on this reference to "civil actions," defendant believes his speeding violation must have been civil rather than criminal and, consequently, he asserts the court exceeded "constitutional provisions." Defendant's contention is patently without merit. Section 11—610(b) simply provides that the maximum speed provisions of the article do not relieve the plaintiff in any civil action of the burden of proving negligence on the part of the defendant as a proximate cause of an accident.

Defendant's next contentions are also patently without merit. He contends the trooper had no authority to issue him a citation, and that the court had no jurisdiction over him because he did not sign the citations and, thus, he made no promise to comply.

State policemen clearly have statutory authority to enforce the motor vehicle laws (Ill. Rev. Stat. 1985, ch. 95½, par. 16—102; ch. 121, par. 307.16), by issuing a uniform traffic ticket which constitutes a complaint to which a defendant may plead (Ill. Rev. Stat. 1985, ch. 38, par. 111—3(5)(b)). The record shows defendant did not execute a promise to comply. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—306.2(a); 107 Ill. 2d R. 501(g).) We point out that section 6—306.2 of the Illinois Vehicle Code, which provided the option of executing a promise to comply, has now been repealed by Public Act 84—1231, §2, effective July 28, 1986. Further, the definition of "promise to comply" provided in Supreme Court Rule 501(g) was amended June 26, 1987, effective August 1, 1987, to delete the option as being available to Illinois residents. That aside, Trooper Allen testified at defendant's trial that he issued the defendant a notice to appear (Ill. Rev. Stat. 1985, ch. 38, par. 107—12) and defendant did, in fact, appear on November 13, 1985. Despite his refusal to sign subsequent hearing notices, defendant does not assert he did not have actual notice of the hearing dates. Moreover, the traffic citations were dismissed and verified complaints filed in their stead. Accordingly, we find no deficiency in the court's jurisdiction.

Defendant next contends the size of the "original process" (the uniform traffic citations) should not have been accepted for filing since they are smaller than 8½ inches by 11 inches as required by Supreme Court Rule 10. (107 Ill. 2d R. 10.) The common law record does not include the original process, however; rather, it includes

copies of two uniform citations and complaints on 8½-inch by 11-inch paper as specified in Supreme Court Rule 10. Moreover, as the State points out, no sanctions for failure to abide by this rule have been set forth, and a reasonable sanction clearly would not include reversal of defendant's conviction.

As we understand the thrust of defendant's next argument, he contends that because he filed a written "appearance" on February 3, 1986, the court erred in issuing a warrant for his arrest when he failed to appear personally on that date. Clearly, only a personal appearance would suffice where the cause was continued to that hearing date. Further, the record shows the traffic tickets were dismissed and complaints issued that day. Accordingly, the court had authority to issue a warrant for his arrest. Ill. Rev. Stat. 1985, ch. 38, par. 107—9.

In the next related issue, defendant contends his brief incarceration following execution of the warrant for his arrest violated the provision that the penalty for his traffic offense shall be no greater than a fine. (Ill. Rev. Stat. 1985, ch. 95½, pars. 1—300, 16—104; ch. 38, par. 1005—1—17.) The arrest and brief incarceration occurred after the criminal complaints were filed against him, however, and the incarceration was not in the nature of punishment for the offenses. He was fined $300 for those offenses in accordance with statute.

Defendant's further contention that, upon his failure to appear, the court should have continued the cause for 30 days as provided by Supreme Court Rule 556 (107 Ill. 2d R. 556) is without merit in light of the fact of the filing of the criminal complaints against him thus warranting his arrest. Defendant did appear in court at the initial hearing in November and at subsequent hearings in December and January. Consequently, defendant did not "fail to appear" as contemplated in Supreme Court Rule 556. 107 Ill. 2d R. 556.

Defendant's next contentions are that the court erred by not keeping an accurate record of the proceedings on December 20, 1985, that it erred when it "lost" his affidavit purporting to recount the early events of that date when no court reporter was present, and that it was error for the docket sheet not to reflect the filing of various motions by him.

Defendant fails to show how any of these asserted errors prejudiced him, and we perceive no prejudice. It has been stated that a verbatim transcript is not required of all criminal proceedings (*People v. Kline* (1974), 16 Ill. App. 3d 1017, *aff'd* (1975), 60 Ill. 2d 246), par-

ticularly where the defendant, upon conviction, is subject only to a fine, not imprisonment. (See Ill. Rev. Stat. 1985, ch. 37, pars. 661, 663.) Moreover, although the cause was up for pretrial, no plea negotiations occurred, and the matter was simply continued to a February date. The error, if any, in the "losing" of defendant's affidavit, which was file-date stamped, but not included in the common law record, was harmless. As noted previously, defendant's affidavit is no substitute for a proper bystander's report and is not properly part of the common law record. (107 Ill. 2d R. 323(c).) Also harmless was the error, if any, in the failure of the hand-written docket sheet to reflect with specificity the filing of several of defendant's numerous motions where all the motions were included in the common law record.

Defendant's final contention is that the court erred in refusing his tendered jury instructions. He argues that without the "legal definitions" of the words "operating," "vehicle," "driving," and "offence [sic]," the jury could not determine if he had violated the statutes. Defendant's proposed instructions, in addition to being non-Illinois Pattern Jury Instructions, did not purport to define those terms. The term "vehicle" is the only one of the four which is defined in the statute (Ill. Rev. Stat. 1985, ch. 95½, par. 1—217); the others have commonly understood meanings. The car Trooper Allen testified defendant was driving easily falls within that legal definition of "vehicle," and the defendant has not argued he was not "operating" or "driving" a vehicle. Further, the jury was clearly instructed as to the elements of each offense against the defendant. We conclude the court did not abuse its discretion in refusing defendant's tendered instructions.

The judgment of the circuit court of Winnebago County is affirmed, and the State's request that costs be taxed is granted.

Judgment affirmed.

NASH and INGLIS, JJ., concur.