THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD SWARTZ, Defendant-Appellant.

Fourth District   No. 4—88—0624

Opinion filed July 27, 1989.

Mark S. Morthland, Assistant Public Defender, of Decatur, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Peter C. Drummond, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

A Macon County jury convicted the defendant of one count of battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—3(a)(1)), and the court ordered that he be placed on supervision for a period of six months and pay a fine of $100, plus court costs. We reverse the conviction and remand for a new trial.

At the trial on June 22, 1988, the complainant, Constance Feger, testified that on January 23, 1988, she asked the defendant, Donald Swartz, to take her to the K mart in Decatur, Illinois. Defendant arrived at Feger's house in Monticello around 8:30 p.m. Defendant appeared to have been drinking. When they arrived in Decatur, defend-

ant began driving too fast and without his hands on the wheel, causing Feger to feel it was necessary for her to steer the vehicle. When defendant turned onto a dark side road saying it was too late to go to K mart, Feger attempted to exit the car. Defendant became verbally abusive and refused to stop the vehicle. In an attempt to escape, Feger turned off the car and removed the keys. Defendant then grabbed Feger by the hair and jerked her back into the car while demanding the keys. The scuffle ended when defendant obtained the keys and Feger exited the vehicle.

Officer James Stenger testified he answered a complaint from Feger that defendant had injured her neck when he jerked her head back by pulling on her hair. Feger reported some of her hair had been pulled out. The officer noticed red marks on Feger's neck. When Stenger questioned defendant, he explained he drove Feger to Decatur from Monticello at her request so she could buy some medication at K mart. When the two arrived in Decatur, defendant advised Feger he needed gas. Since he thought K mart would be closed, he suggested she stay at his apartment overnight and get the medicine the next day. Feger began to scream and removed the keys from the ignition. Defendant admitted pulling her hair and grabbing her neck and leg in order to get the keys. He then kicked and pushed her out of the car. Defendant said he pulled out some of Feger's hair in the struggle, but no hair was found in defendant's vehicle.

After his motion for a directed verdict was denied, defendant testified he drove Feger to Decatur on January 23, 1988, because she wanted to go to K mart. Upon arriving in Decatur, defendant turned onto a side street, at which time Feger became agitated, grabbed the steering wheel and demanded to know why they were not headed toward their destination. Defendant elbowed her back to the passenger's seat and explained that the car was out of gas and he did not have any money. When defendant stopped the car, Feger removed the keys from the ignition. A struggle ensued, during which Feger struck defendant in the nose, causing it to bleed, and defendant grabbed Feger by the hair. Defendant said he also suffered a cut to his stomach, which was caused by Feger when she grabbed the keys. Feger got out of the car as soon as defendant was able to wrench the keys from her hands.

Officer Stenger was resworn and testified he did not notice any injuries to defendant, nor did defendant complain of any pain when he was arrested in connection with the battery of Feger.

At the close of the trial testimony, the court instructed the jury on the elements of battery. (Ill. Rev. Stat. 1987, ch. 38, par. 12—

3(a)(1).) Among others, the court refused the instruction tendered by defendant on the use of force in defense of property. (Ill. Rev. Stat. 1987, ch. 38, par. 7—3.) Defendant appeals, arguing the trial court failed to so instruct the jury.

The court gave, over the objection of defendant, Illinois Pattern Jury Instructions, Criminal, No. 11.06, at 209 (2d ed. 1981) (IPI Criminal 2d), which states in part:

> "To sustain the charge of battery, the State must prove the following proposition:
> That the defendant intentionally [and] without legal justification caused bodily harm to [Connie Feger]."

The defense of property instruction tendered by defendant and refused by the court was IPI Criminal 2d No. 24—25.08, at 556, which states:

> "A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to prevent another's wrongful interference with personal property lawfully in his possession."

The court gave the following reason for refusing the tendered instruction:

> "Basically what you are saying is the same thing that they have, and rather than add all of these other little matters to further confuse the jury, I am going to go like this because they have to prove that the defendant intentionally, without legal justification caused bodily harm. And you can certainly argue that rather than get into these other matters. Why confuse them before they find this guy not guilty?"

■ It is an abuse of discretion for the trial court to refuse to instruct the jury as to the defendant's theory of the case if it has some foundation in the evidence. (*People v. Bost* (1980), 80 Ill. App. 3d 933, 400 N.E.2d 734.) Evidence, however slight, supporting an affirmative defense entitles the defendant to an instruction (*People v. Khamis* (1951), 411 Ill. 46, 103 N.E.2d 133; *People v. Kalpak* (1957), 10 Ill. 2d 411, 140 N.E.2d 726; *People v. Creamer* (1986), 143 Ill. App. 3d 64, 492 N.E.2d 923; *People v. Graves* (1985), 133 Ill. App. 3d 546, 479 N.E.2d 10), even if the evidence is conflicting and the defendant's testimony is impeached. *People v. Bryson* (1980), 85 Ill. App. 3d 448, 406 N.E.2d 939.

■ Here, defendant's theory of the case was that he was justified in using force because he had reason to believe Feger was wrongfully interfering with the lawful possession of his automobile. (Ill. Rev. Stat. 1987, ch. 38, par. 7—3.) Both parties testified defendant grabbed

Feger by the hair *after* she took the keys from his car's ignition and began to exit the vehicle. We find this evidence was sufficient to support defendant's affirmative defense of justified use of force in defense of property. Accordingly, it was error for the trial court to refuse defendant's tendered instruction, which explained defendant's argument he was legally justified in using force to protect his personal property.

The judgment of the circuit court of Macon County is reversed and remanded.

Reversed and remanded.

SPITZ and GREEN, JJ., concur.