THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES WALTERS, Defendant-Appellant.

Fourth District No. 4—90—0464

Opinion filed March 28, 1991.

Daniel D. Yuhas and Gloria Ann Morris, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

On May 3, 1990, defendant, James Walters, was charged by indictment with aggravated battery of a child (Ill. Rev. Stat. 1989, ch. 38, par. 12—4.3(a)) and battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—3(a)(1)). After a jury trial on May 14, 1990, defendant was acquitted of aggravated battery of a child, convicted of battery, and sentenced to 364 days in jail. Defendant's sole argument on appeal is that the trial court improperly refused an instruction he requested. We affirm.

At trial, the State called two witnesses to testify: the victim, J.W., who is defendant's son, and Sandra Walters, defendant's wife and J.W.'s mother. Defendant presented no evidence.

The State's evidence showed that in January 1990, J.W. was eight years old, four feet tall, and weighed about 70 pounds. J.W. was a nervous child who had a problem with bed-wetting. Three days before the incident in question, which occurred in late January 1990, J.W. had wet his bed. Sandra had heard defendant previously threaten J.W. about bed-wetting, so she washed the sheets and cleaned the mattress as best she could to get rid of any evidence of bed-wetting.

On the date in question, defendant walked into J.W.'s bedroom, and placed his face onto J.W.'s mattress. Defendant said that he smelled urine. Defendant then struck J.W. and went out to the garage. He returned shortly with a stick. Defendant then made J.W. bend over and touch his toes while defendant struck him repeatedly on his buttocks. J.W. kept falling forward because of the force defendant was using, and defendant would pick him up and tell him "to stand there and take it like a man." Defendant told J.W. that he "was going to make his ass as black as his pants." Defendant also said that if he had "to beat [J.W.] to death," J.W. "would learn to stop wetting the bed one way or another."

Defendant struck J.W. at least 20 or 30 times. Sandra tried to pull defendant off J.W., but he pinned J.W. to the ground and told Sandra that if she did not leave him alone, he was "going to break the little bastard's neck." The stick defendant was using was about two inches wide, half an inch thick, and about a foot or two long. The incident finally ended when defendant picked J.W. up and threw him to the ground two or three times. Defendant then told J.W. to go to his room and stay there.

A few hours later, Sandra observed the area of J.W.'s buttocks and saw that it was "totally black and dark blue." She described that area as one which was "basically covered by the underwear." J.W. testified that the area of his buttocks hurt for about three to four weeks after this incident.

Defendant's sole argument on appeal is that the trial court erred when it denied defendant's request to give the jury an instruction that is not contained in the Illinois Pattern Jury Instructions, Criminal (2d ed. 1981) (IPI). The refused instruction reads as follows: "Parents have a legal right to spank their children." Defendant argues that he was deprived of his right to a fair trial because the trial court refused to instruct the jury concerning the legal justification of spanking. Citing *People v. Swartz* (1989), 186 Ill. App. 3d 399, 542 N.E.2d 515, and *People v. Crane* (1990), 196 Ill. App. 3d 264, 554 N.E.2d 1117, defendant argues that the trial court committed reversible error by depriving him of the opportunity to explain to the jury his theory that he was legally justified in spanking his son. We disagree and find those cases to be inapposite.

■ ■ In *People v. Sanchez* (1982), 110 Ill. App. 3d 893, 903, 443 N.E.2d 252, 259, the court wrote the following: "In the absence of an IPI criminal instruction, the decision whether to give a non-IPI instruction rests within the discretion of the trial judge." (See also *People v. Blackwell* (1979), 76 Ill. App. 3d 371, 379, 394 N.E.2d 1329,

1336.) In *People v. Pankey* (1978), 58 Ill. App. 3d 924, 927, 374 N.E.2d 1114, 1116, this court wrote the following: "Any non-IPI instruction given by the trial court is to be simple, brief, impartial, and free from argument. (Supreme Court Rule 451(a).)" See 134 Ill. 2d R. 451(a).

 Judged by the foregoing standards, the trial court did not abuse its discretion in refusing defendant's instruction. The court stated that it found objectionable the use of the word "spank" in the instruction. The court also stated its agreement "with many of the reasons given by the State" for its objections, which the prosecutor stated as follows:

> "This instruction doesn't answer, for example, what a parent can spank with, how long, what injuries, if any. It doesn't specify any of that. And so I don't think parents have a blanket legal right to spank their children as this instruction indicates. There is a line where you cross from legality into criminality, and that's exactly what this case is about. So I think that, again, coming from the court, an instruction like this is not appropriate."

We approve of the trial court's ruling sustaining the State's objection for the reasons given, and we reaffirm an earlier holding of this court that even a jury instruction that accurately states the law may be refused if it is misleading or argumentative. See *In re Estate of Casey* (1987), 155 Ill. App. 3d 116, 122, 507 N.E.2d 962, 966.

Based upon our review of the record, we are satisfied that the instructions given, taken as a whole, fully and fairly defined the applicable law and were sufficient. Further, while the refused instruction may have been "simple" and "brief," it was not "impartial and free from argument," as required by *Pankey* (58 Ill. App. 3d at 927, 374 N.E.2d at 1116).

Affirmed.

SPITZ and GREEN, JJ., concur.